## THE STATE OF IOWA V. MADDEN.

Criminal law: REDUCTION OF PUNISHMENT BY SUPREME COURT. Where it appeared that the evidence upon which a defendant was convicted of an assault with intent to kill, was barely sufficient to support the verdict of guilty, the supreme court on appeal thereto reduced the term of imprisonment from five years to one.

*Appeal from Clayton District Court.*

MONDAY, DECEMBER 18.

THE defendant was indicted, tried and convicted of an assault with intent to commit murder upon Michael Finch. The court sentenced the defendant to imprisonment in the penitentiary for the term of five years.

Defendant appeals.

*Samuel Murdock* for the appellant.

*M. E. Cutts,* attorney-general, for the State.

MILLER, J. — It is insisted that the punishment inflicted by the judgment of the district court is severe and disproportioned to the character of the act constituting the offense of which the defendant is convicted. We have given the evidence careful reading and consideration and are fully satisfied that the term of imprisonment imposed by the court below is, under the circumstances of the case, greater than it ought to be. The longest term fixed by the statute is ten years. Rev., § 2414. It may be any shorter term, which the court may deem a suitable and adequate punishment in view of the circumstances surrounding the case. The judgment of the legislature is that the most aggravated cases of assault with intent to commit the crime of murder may properly be punished by imprisonment in the penitentiary for ten years. They

have left it to the judgment of the courts to fix the punishment at any shorter term according to the degree of alleviation shown by the circumstances of the case.

The evidence in this case is barely sufficient to support the verdict of guilty. Taking into consideration the instrument with which the assault was committed, a pocket pen knife; that the defendant and the person assaulted had been quarreling and throwing stones at each other; that they had been drinking, and all the other circumstances of the transaction, we are of opinion, as before remarked, that the evidence is barely sufficient to support the verdict, and that a low degree of punishment should have been inflicted. This, however, is not ground for reversing the judgment, but the statute authorizes this court to reduce the punishment, as may be deemed just and proper in the attainment of justice. (Rev., § 4925.)

It is our opinion that a term of imprisonment in the penitentiary for one year will accomplish this purpose and constitute a punishment commensurate with the unlawful act committed.

The attorney-general consenting thereto, it is ordered that the judgment be thus modified and

Affirmed.