# APPENDIX.

## NOTES OF CASES NOT OTHERWISE REPORTED.

### THE STATE v. THOMPSON.

CRIMINAL LAW: REDUCTION OF SENTENCE.

*Appeal from Polk District Court.*

FRIDAY, APRIL 20.

THE defendant and Caroline Sheets were jointly indicted for the crime of incest. The defendant was alone tried, was found guilty, and sentenced to be confined in the penitentiary for the period of ten years. Defendant appeals.

*McHenry & Bowen*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

DAY, CH. J.—No complaint is made of the instructions or of any ruling upon the trial. The evidence is conflicting, but it fairly sustains the verdict. Indeed, it is not claimed by appellant that there is such a want of evidence that we would be justified in disturbing the verdict.

The whole purpose of the appeal seems to be to procure a reduction of sentence. We are asked to reduce the punishment to imprisonment for eighteen months or two years. The crime of incest is a very revolting and disgusting one, and society very justly demands that it should be severely punished. Still this crime, like every other, has its grades of aggravation and enormity. The legislature, recognizing this fact, has prescribed that the punishment for this crime shall be imprisonment in the penitentiary for a term not exceeding ten years and not less than one year, intending that between these limits of one and ten years the court pronouncing sentence shall apportion the punishment to the circumstances of the crime. Caroline Sheets, with whom the crime was committed, is defendant's step daughter. The defendant married Caroline's mother in December, 1872. The crime charged was committed about two years thereafter. The age of Caroline does not appear,

but she is the mother of two bastard children. The evidence does not show that any seductive arts were employed. The defendant and Caroline are not related in any degree by consanguinity. It must be admitted that much more aggravated cases of this crime frequently occur. And this admission, we think, establishes the impropriety of imposing the highest penalty of the law. If Caroline Sheets had been defendant's own daughter, or his niece even, the offense would have been a greatly aggravated one. Yet for such an offense, the court could have inflicted no greater punishment than has been imposed. In view of these facts, whilst we cannot regard the offense so lightly as we are asked to do by defendant's counsel, still we think the punishment disproportionately severe. We think that an imprisonment in the penitentiary for the period of five years will answer all the just purposes of punishment, and atone to society for the outrage committed upon it, so far as such atonement is possible. The term of sentence will be reduced to five years from the date of incarceration. Thus modified the judgment is

AFFIRMED.