### THE STATE v. DOERING.

1. **Criminal Law:** ASSAULT WITH INTENT TO COMMIT MURDER. Facts considered under which it was held that the term of imprisonment of a person convicted of assault with intent to commit murder should be reduced from four years to two years and six months.

*Appeal from Dubuque District Court.*

TUESDAY, JUNE 11.

INDICTMENT for an assault with intent to commit murder. Verdict of guilty; judgment, and defendant appeals.

*Pollock & Shields,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

SEEVERS, J.—The assault was committed in November, 1874, and the trial took place in December, 1875. The defendant was sentenced to imprisonment at hard labor for the period of four years.

So far as can be discovered from the testimony there was no enmity existing between the defendant and Ginter, the party injured. The latter was the owner of a blacksmith and wagon making or repair shop. The former was leased to other parties, and was not in possession of Ginter. They

were in the same building, and there was a doorway connection between them. In the morning of the day the assault was committed Ginter was in the wagon shop, when the defendant entered the blacksmith shop. He was intoxicated, and commenced talking to parties in the shop, and used abusive language toward Ginter, which the latter heard. The defendant, previous to this, had worked for Ginter, and he passed into the wagon shop and demanded a settlement. Whether there was any difficulty in relation thereto is not clear, but certain it is they from some cause used violent and abusive language toward each other. Finally the defendant passed into the smith shop, and Ginter either went with him or followed him very shortly thereafter. They got into a scuffle, blows and kicks were interchanged, but which made the first demonstration in this direction does not appear.

However this difficulty occurred it was not regarded as serious by the persons present, and they voluntarily separated and Ginter went back into his own shop. The defendant continued to abuse Ginter, and the latter passed into the smith shop for some purpose, and said to defendant that he must stop abusing him or go out of the shop, and put his hands on the defendant and gave him a shove, whereupon the latter, as quickly as could be done, picked up a piece of iron near at hand and struck the blow, and Ginter was quite seriously injured. One witness testified that defendant said at the time Ginter shoved him that he had been struck with a hammer. But no one saw the hammer, and we do not think any was used. When intoxicated, and he got so at times, the defendant was irritable and easily excited. This was known to Ginter and others.

The latter testified that defendant worked for him some three or four years, and he had observed peculiarities in his conversation and conduct. At times he was "strange." "I thought he was not well minded—that he was not as well as anybody else. I got along all right with him;" and, after speaking of certain peculiarities he had observed in defend-

ant's conduct, in answer to a question as to his sanity testified: "I thought he was not exactly as sound as others—as I do my neighbors."

It is doubtful whether we would be justified in setting aside the verdict as being against the evidence, and again put defendant on trial for this offense. Indeed, it would be perhaps unjust to do so after he has been imprisoned for more than two years.

Taking all the circumstances together we think the punishment inflicted is excessive, and it therefore should be reduced. This we have the power to do, and the term of imprisonment is fixed at two years and six months from the 13th day of December, 1875, and the judgment of the District Court will be modified accordingly.

MODIFIED AND AFFIRMED.