## THE STATE v. MOODY.

1. **Criminal Law**: LARCENY : EVIDENCE. Facts considered which were held sufficient to sustain a conviction for breaking and entering a building in the night-time.

2. ——: ——: SENTENCE. Where the defendant was not an old offender, the property taken of small value, and the building entered a store, it was *held* that a sentence of eight years should be reduced to two years.

*Appeal from Clayton District Court.*

WEDNESDAY, APRIL 9.

THE defendant was tried, convicted and sentenced to imprisonment in the penitentiary for the term of eight years, for

the crime of breaking into a store in the night-time with intent to steal therefrom. He appeals to this court for a reversal of the judgment against him.

*L. O. Hatch,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

ROTHROCK, J.—I. The alleged crime consisted in breaking the store of Isaac Mathews, at McGregor, and stealing therefrom some articles, such as knives, forks and spoons, of the value of thirty-six dollars. The store was entered by raising a back window.

It is conceded that the crime was committed by some one, and the only question presented by counsel for appellant is that the evidence was insufficient to warrant the conviction of the defendant.

The Attorney General moves to strike from the abstract and transcript what purports to be the evidence, because there is no bill of exceptions embodying the evidence, and because the evidence does not appear to have been certified by the trial judge, as provided in section 4636 of the Code. This motion seems to be well taken, but, whether so or not, a careful examination of the abstract has led us to the conclusion that the verdict of the jury finds support in the evidence presented to us.

The defendant is a young man, and at the time the alleged crime was committed resided with his father on a farm some distance from McGregor. He was in the city on the evening before the crime was committed, and was seen near a show-window in front of Mathews' store, where most of the goods which were afterward stolen were kept in plain view. He remained in the city until late at night. The crime was committed on Saturday night. On Sunday after-'noon the defendant was seen going into a brush thicket on or near his father's farm. Search was made in the thicket, and the parties searching first discovered a place where they sup-

1. CRIMINAL law: larceny: evidence.

posed, from the disturbed condition of the leaves upon the ground, something had been concealed. There were fresh tracks leading from the place, which were traced to a large tree, in the hollow trunk of which the goods were found. It is not certain from the evidence how near the defendant was seen to the place where the witnesses supposed something had been concealed, or to the tree where the goods were found. He was, however, within a few rods when he disappeared from the view of those who were watching him.

The defendant was arrested at his father's house on Monday morning after the crime was committed. One of the officers who made the arrest testified as follows: "We arrested defendant Monday morning, about 4 o'clock, at his father's house. I first saw him sliding from the shed roof on to which a window opens from the main building. I told him we wanted him and had a warrant for him, but did not tell him what we had the warrant for. He jumped and ran, and I shot at him. I ran after him and was about shooting the third time, and he halted and I took him."

We would not be justified in setting aside the verdict upon this evidence. The attempt to escape is clearly shown. It is argued that this may have occurred by reason of fear rather than a sense of guilt. That we cannot determine. It was a question for the jury, taking the attempt to escape into consideration with the other evidence in the case, and we are not prepared to say that undue weight was given to the act of the defendant in going into the thicket near where the goods were afterward found. The jury may have been satisfied, and properly so, from all the evidence that the defendant was the person who concealed the goods in the place where they were found.

II. It is urged that the punishment inflicted is excessive.

Taking into consideration the amount in value of the goods which were taken, the kind of goods, and the manner in which the store was entered, and the fact that there is nothing in the record showing that defendant is an old offender, we think the claim made is well

founded. The maximum punishment for the crime is ten years' imprisonment in the penitentiary. The minimum is a fine not exceeding one hundred dollars and imprisonment in the county jail not exceeding one year. These are the two extremes of punishment. We are of opinion that imprisonment in the penitentiary for the period of two years is ample punishment in this case, and the judgment will be thus modified.

MODIFIED AND AFFIRMED.