THE STATE v. SUTTON.

1. **Criminal Procedure**: DEFENSE OF ALIBI: FAILURE TO INSTRUCT AS TO BURDEN OF PROOF. Where on a prosecution for larceny an *alibi* was claimed by defendant, but the evidence relating thereto was conflicting, and the court gave the ordinary instructions as to reasonable doubt, but failed to instruct as to the claimed *alibi*, and to tell the jury that the burden of proof was upon the defendant to establish the *alibi*, *held* that this omission was favorable to the defendant, and no ground for a reversal on his appeal.

*Appeal from Dallas District Court.*

SATURDAY, DECEMBER 11.

THE defendant was indicted, tried and convicted of the crime of larceny, and he appeals.

*North & Nichols*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

ROTHROCK, J.—The crime of which the defendant was accused was the larceny of a cow, the property of one Denton. There was no dispute but that the cow was stolen, and that one Reed was a party to the crime. The defendant introduced several witnesses who testified that at the time of the theft he was so far away from where the crime was committed that he could not have been guilty as charged. As opposed to this, there was the testimony of one Johnson, who stated that he saw the defendant leading the cow soon after she was stolen, and there was evidence to the effect that a rope with which the cow was tied when stolen was found in the defendant's barn. There were also admissions of the defendant put in evidence, which tended to connect him with the commission of the crime.

It will be seen by the above statement of some of the facts put in evidence that the defendant relied upon the defense called an "*alibi*," and that it was supported by the testimony of several witnesses. The court did not, in its instructions to the jury, call special attention to this feature of the case. There was nothing in the instructions directing the attention of the jury to the claimed *alibi*, except the general direction that they should consider all the facts in the case in determining the guilt or innocence of the defendant. It is urged that the court should have instructed the jury that, as the defendant relied upon an *alibi*, he should establish the same by a pre-

ponderance of the evidence, as held in the case of *State v. Hamilton*, 57 Iowa, 596, and cases there cited. But we think the omission to so instruct the jury was an omission favorable to the defendant, rather than prejudicial. If, under the instructions as they were given, the jury had a reasonable doubt that the defendant was in a place where he could participate in the crime, it was their duty to acquit, and all that was required was that they should have a reasonable doubt upon that question.

The defense of *alibi* does not confess the act charged, and seek to excuse it, as in the defense of insanity. In such defense it is necessary that the force and effect of the excusatory evidence should be explained to the jury, because the defense is in the nature of what is called a confession and avoidance in civil cases; and under the rule which has grown up in this state, where an *alibi* is relied upon, it is the right of the state to call upon the court to instruct the jury that the burden is cast upon the defendant to establish the defense by a preponderance of evidence. But the absence of such direction to the jury is no prejudice to the defendant, and, under the general instruction as to reasonable doubt on the facts, the defense would be entitled to all the consideration claimed for it in the dissenting opinion in *State v. Hamilton, supra.*

II. It is claimed that the judgment should be reversed because of the incompetency of the attorney for defendant in the court below. Counsel presenting this appeal were not engaged in the trial of the case. We cannot reverse upon this ground. There is nothing in the record to justify such a disposition of the case in this court.

III. We have examined the evidence with care, and we cannot sustain the claim of counsel that the defendant is not shown to be guilty. We think the verdict is fully sustained by established facts in the case.

AFFIRMED.