State of Iowa, Appellee, v. John Rogers and Joe Rogers, Appellants.

**Criminal law:** ERROR IN NAMES: HARMLESS ERROR. Neither the fact
1 that the court in his instructions spelled the name of defendant "Rodgers" when his true name and that in the indictment was

"Rogers;" nor the fact that the foreman of the jury signed the verdict "Ira A. Stout" while his name in the jury list was "Ira Stout," there being no question as to his identity, or that he was not the person who acted as foreman and signed the verdict, was sufficient to cause a reversal.

**Burglary:** CIRCUMSTANTIAL EVIDENCE. Where the evidence of a burglary, though wholly circumstantial, is clear and direct, and covers all elements of the charge, the verdict of guilty will not be disturbed.

**Same:** SENTENCE: EXCESSIVE PUNISHMENT. Where the purpose of a burglary was the theft of property of small value and the same was stolen to meet the necessities of poverty, a penitentiary sentence was excessive punishment, and the same is reduced to a jail sentence of nine months with credit for the time served in the penitentiary.

*Appeal from Washington District Court.*—HON. K. E. WILCOCKSON, JUDGE.

TUESDAY, OCTOBER 15, 1912.

AN indictment for burglary under the provisions of section 4791 of the Code. There was a plea of not guilty, and a verdict and judgment of conviction. The defendant John Rogers appeals.—*Modified* and *Affirmed.*

*P. J. Hanley,* for appellants.

*George Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General, for the State.

EVANS, J.—The defendants are father and son; the son, Joe Rogers, being twenty-two years of age. They were indicted and tried jointly. The trial court imposed a jail sentence only upon the defendant Joe Rogers. He has served out his time, and asks for no consideration on this appeal. The defendant John Rogers was sentenced to the penitentiary for an indefinite period; the maximum being ten years.

From the testimony of the state, it appears that on the night of December 7, 1911, a pair of horse blankets were stolen from the buggy and from the buggy shed, of one Reeves. The door was fastened with a "slide clutch." It was closed the night before, and was found closed the next morning after the disappearance of the blankets. The stolen blankets were soon thereafter found in the possession of the defendants. There was also evidence tending to show that they were in that vicinity that night between twelve and two o'clock. The defendants on their part claimed to have owned and to have had possession of the blankets long prior to December 7th. The dispute at this point was a question of identification.

The defendants were transients in the neighborhood, having stayed there awhile with a brother-in-law. They claimed an actual residence in Scott county. Shortly after the night of December 7th, they left the immediate neighborhood for the neighborhood of Gladwin, where they engaged in a job of wood chopping, for hire. It was here, about December 20th, that the blankets were found in their possession.

I. The instructions of the trial court bore the title of the case. In such title, however, the name of the defendants was spelled "Rodgers." It is urged by appellant that this mistake was fatal to the validity of the

1. CRIMINAL LAW: error in names: harmless error.

instructions, and that its effect was to leave the record without any instructions, in that the names applied to the defendants were wholly different from their true names. The point is trivial, and entitled to no consideration.

It is also urged that the verdict was signed by a foreman who was not a member of the jury. The verdict purported to be signed by Ira A. Stout; whereas the name as it appeared in the jury list was Ira Stout. No question is raised as to the real identity of the juror. No claim is made but that the juror Ira Stout was the person who

acted as foreman and signed the verdict as Ira A. Stout. This objection is on a par with the previous one, and has no merit whatever. To seek and to cite authorities against such a proposition would be to pursue a flea with a flail.

II. It is earnestly urged that the evidence was not sufficient to sustain the verdict. The evidence was wholly circumstantial. It was clear and direct, however, as to the

2. BURGLARY: circumstantial evidence

*corpus delicti.* It was also positive and direct as to the possession of the alleged stolen property by the defendants within a brief time after the alleged burglary. This was corroborated by the evidence of two witnesses, who claimed to have seen the horse and wagon of the defendants, between twelve and two a. m., in the immediate neighborhood. This rig was seen two or three times within a period of two hours. At one time it was standing, with one man sitting therein. At a later time it was passing along the highway, with two men sitting therein. We think the evidence was such as to cover every element of the charge made, and that it supported the verdict rendered.

III. It is next urged that the punishment inflicted was excessive as to the appellant John Rogers. A sentence of three months in the county jail was imposed upon de-

3. SAME: sentence: excessive punishment.

fendant Joe Rogers. The statute under which the prosecution was had provides for alternative punishment by imprisonment in the penitentiary not exceeding ten years, or in the county jail not exceeding one year. The contention now is that a jail sentence would have been commensurate with the offense proved against this appellant. It must be said that the evidence bore exactly alike upon both defendants. There was nothing in the circumstances proved which tended to show either defendant more or less guilty than the other. The one point of difference appearing is that the appellant was the father of his codefendant, and might be deemed to have exercised more or less authority or influence over him,

notwithstanding that he had attained his majority. Just how much consideration should be given to this fact could be better judged by the trial judge, because of his opportunity of personal observation of each defendant. We would not be justified, therefore, in saying that he should not have imposed a greater sentence upon the father than upon the son. We have given the record much consideration, however, as to whether it justifies a more severe punishment than a jail sentence. A burglary is a serious offense in any form, and we will not minimize it. Nevertheless we must apply the minimum provisions of the statute to those forms of its violation which are the less flagrant. Having fixed upon a penitentiary sentence, the trial court was helpless to reduce the term.

The purpose of the breaking in this case was to steal the horse blankets. They were stolen. They were of the value of $3.50. It is apparent from the record that the defendants were under some pressure of poverty. They were preparing to set up a tent while engaged in wood chopping. They were living in a tent when the blankets were discovered in their possession. The blankets were used as a part of their bedding. These circumstances in no sense excuse the offense. This was serious from any point of view. But it is our duty to consider them, nevertheless, as bearing upon the degree of punishment which ought to be meted out, but within the spirit of the statute. We reach the conclusion that a jail sentence of eight or nine months would meet the ends of justice under the statute, and that a penitentiary sentence was excessive.

It will be the order of this court that the sentence be reduced to nine months in the county jail. It being made to appear, also from the record before us, that the appellant has been serving his sentence in the penitentiary since his conviction, and for a period of nine months, it will be ordered that the time so served shall apply upon the jail

sentence here ordered, and that he be deemed to have served the full term of such jail sentence.    The judgment below as so modified is—*Affirmed.*