STATE OF IOWA, Appellee, v. MRS. CHARLES OWEN, Appellant.

CRIMINAL LAW: Accomplices—Corroboration. Record reviewed, and
1 held to present ample corroboration of an accomplice.

CRIMINAL LAW: Evidence—Materiality. On the trial of a charge
2 of larceny, it may be shown that defendant, prior to the actual
larceny, was negotiating for the sale of property of the kind ac-
tually stolen.

LARCENY: Modification of Excessive Sentence. Record reviewed,
3 and held that a sentence of confinement in the penitentiary should
be reduced to a fine and to imprisonment in the county jail.

*Appeal from Audubon District Court.*—O. D. WHEELER, Judge.

JUNE 22, 1923.

THE defendant was convicted of the crime of larceny of
certain chickens from a building, and was sentenced to serve a
term of two years at hard labor in the state reformatory for
women at Rockwell City, and to pay the costs. She appeals.—
*Modified and affirmed.*

*Mantz & White,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Maxwell A. O'Brien,*
Assistant Attorney-general, for appellee.

FAVILLE, J.—The appellant is a married woman. Her hus-
band owned an automobile. One L. W. Peppers, known in the
record as "Bood" Peppers, frequently drove the Owen car. On
the evening of May 14, 1921, the three parties drove in this car
some distance from the town of Audubon, and stopped in front
of the home of one Peterson. Owen and Peppers left the car
and went toward the buildings, and the appellant remained in
the car, sitting at the wheel. Shortly thereafter, Peterson, who
was approaching the house in his own car, turned out the lights
on his car, and stopped it not far from where the Owen car
was standing. Owen called to his wife, and she heard the

squawk of a chicken. She immediately started up the car in which she was sitting, and drove to Audubon, leaving the two men behind. Peterson ran across the field and caught Owen, who dropped some chickens as Peterson approached. Peppers escaped, and went to town, where he was subsequently arrested. Appellant, upon arriving in town, went to the home of a Mrs. Leonard, the mother of Peppers, and had a conversation with her, in which, it is claimed, she told Mrs. Leonard that "the boys" had gone out to Peterson's place to steal some chickens, and that they had been caught. Peppers was a witness for the State, and described in detail the transactions of the evening and of the claimed previous plan made between the parties for the purpose of stealing the chickens.

I. It is contended that the evidence is insufficient to support a verdict of guilty, and is not inconsistent with the theory of appellant's innocence.

We have examined the record with care, and are thoroughly satisfied therefrom that there was ample evidence to carry the case to the jury, and to sustain a verdict of guilty.

II. Peppers was a witness in behalf of the State. He was an accomplice in the commission of the crime. It is contended that there is insufficient evidence to meet the requirements of the statute in regard to the corroboration of an accomplice.

The testimony of the witness Mrs. Leonard, as to statements made to her by the appellant the night the crime was committed, and also the statements of appellant in a conversation with Peterson, and her acts and conduct the evening of the transaction, and other evidence in the record, outside the testimony of Peppers, furnish the corroboration necessary to connect the appellant with the commission of the offense.

1. CRIMINAL LAW: accomplices: corroboration.

III. There was evidence in the record that, shortly before the larceny, the appellant and her husband went to a produce dealer in the town of Audubon, and that, in the presence of the appellant, the husband inquired the price of chickens, and that at that time appellant was asked if she had any chickens to sell, and her reply was that she did not have then, but that she would have. The point urged is that this evidence had a tendency to show

2. CRIMINAL LAW: evidence: materiality.

that the appellant had been guilty of distinct and similar crimes, and that, therefore, it was inadmissible.

The evidence was merely a link in a chain of circumstances proper to be considered by the jury. There was no error in admitting it.

IV. It is contended that the court erred in refusing to give Instruction No. 1 asked by the appellant, on the subject of corroboration, and in giving Instruction No. 26 on that subject.

There was no error in refusing to give the requested instruction. The substance of the requested instruction was embodied in those that were given by the court. The law on the question of the necessary corroboration of an accomplice was correctly stated, and the instructions on this question contain no error of which appellant can complain.

V. It is contended by the appellant that, under all of the circumstances, the imposition of the extreme penalty provided by the statute was excessive.

It appears from the evidence that the appellant is a woman thirty years of age, born and reared on a farm in Audubon County; that she has two boys, one aged thirteen and the other aged nine; and that she had been living with her husband and said children in the town of Audubon. No evidence with regard to the character of the appellant appears in the record. The jury found appellant guilty of the crime with which she is charged, and there is evidence in the record sufficient to sustain the conviction. The transcript of the record has been certified to us, and we have examined it. The trial was fairly conducted. The section of the statute under which this action was brought, Code Supplement, 1913, Section 4852-d, provides as follows:

3. LARCENY: modification of excessive sentence.

"Any person guilty of larceny of domestic fowl or poultry from any building, shed, coop or inclosed premises shall, upon conviction thereof, be punished by imprisonment in the penitentiary not exceeding two years, or by imprisonment in the county jail not exceeding one year, or by fine not exceeding five hundred dollars, or by both fine and imprisonment in the county jail, as above provided, at the discretion of the court."

The appellant was sentenced to serve a term in the reforma-

tory; and under the indeterminate sentence statute, confinement was necessarily fixed at the maximum term provided by law.

Upon a careful consideration of the entire case, we are satisfied that the ends of justice will be fully subserved if the appellant is sentenced to pay a fine of $500 and stand committed to the county jail of Audubon County, Iowa, until such fine is paid, not to exceed a period of 150 days, and that she pay the costs of said action.

Under the power vested in us by Section 5462 of the Code, it is ordered that the judgment of the district court be modified and the punishment provided therein be reduced as herein indicated. With this modification, the judgment of the district court is affirmed.—*Modified and affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.