STATE OF IOWA, Appellee, v. ALBERT HAMMOND, Appellant.

No. 41905.

November 21, 1933.

Daniel W. Davis, for appellant.

Edward L. O'Connor, Attorney-general, Walter F. Maley, Assistant Attorney-general, and Arlo W. Palmer, County Attorney, for appellee.

CLAUSSEN, J.—A county attorney's true information was filed in the office of the clerk of the Mahaska county district court charging the defendant with breaking and entering the depot of the Chicago, Rock Island & Pacific Railroad Company, at Rose Hill, Iowa. The defendant pleaded not guilty. The case was tried to a jury which returned a verdict finding the defendant guilty as charged, and from judgment pronounced upon such verdict the defendant appeals.

I. A special agent of the railroad company, who was with the sheriff at the time the defendant was arrested, was a witness upon the trial of the case. This witness was permitted to testify to a conversation with the defendant, in which the defendant told of his participation in the crime, over objection that such statements were not voluntary. The propriety of the admission of this testimony is in doubt. Several days after his arrest the defendant made a written statement setting forth in detail his participation in the crime. The record on the whole leaves no doubt but what the contents of the written statement were substantially the same as the story told to the special agent. The written statement was properly admitted by the court. Under the record in this case, the defendant was not prejudiced by the admission of the testimony of the witness concerning his conversation with the defendant.

II. The defendant testified as a witness in his own behalf. He denied participating in the crime, and swore that at the time the offense was committed he was in another city. The record does not disclose the testimony of any other witness tending to establish that the defendant was in such other city. The defendant contends

that he was relying upon an alibi as a defense and complains because the court did not instruct upon the law in relation to such defense. It is doubtful whether the statement of the defendant that he was in another town at the time the crime was committed, totally unsustained by any other evidence, rises to the dignity of an alibi. Such statement was probably only incidental to denial of guilt. State v. Debner, 205 Iowa 25, 215 N. W. 721. The defendant requested no instruction upon this matter. We reach the conclusion that the court was not in error in this respect. State v. Sutton, 70 Iowa 268, 30 N. W. 567.

III. The trial court sentenced the defendant to a term of imprisonment not to exceed ten years. Appellant contends that the sentence is excessive, and insists that this court has power to reduce the term of the sentence. There is no merit in this contention, for under the provisions of chapter 654 of the Code, and especially section 13960, the limit or duration of a term of imprisonment is not fixed by the court.

We have examined the record with care, and have reached the conclusion that the defendant has had a fair trial. Consequently, the judgment of the trial court is affirmed.—Affirmed.

ALBERT, C. J., and EVANS, KINDIG, and DONEGAN, JJ., concur.