STATE OF IOWA, Appellee, v. ROBERT COOLEY, Appellant.

No. 43094.

JANUARY 21, 1936.

Thomas O. Tacy, for appellant.

Edward L. O'Connor, Attorney General, Walker F. Maley, First Assistant Attorney General, and Robert B. Organ, County Attorney, for appellee.

POWERS, J.—The appellant was convicted of entering, without breaking, a dwelling in the nighttime, with intent to commit a public offense. He was sentenced by the court to serve a term of ten years in the reformatory at Anamosa. The statute provides that one so convicted may be "imprisoned in the penitentiary not more than ten years, or be fined not exceeding one hundred dollars and imprisoned in the county jail not more than one year." Section 13001, Code 1931.

This appeal involves only the claim that the penalty is ex-

cessive under the circumstances in the case. It is the contention of appellant that a jail sentence should have been imposed rather than a penitentiary sentence, that the penitentiary sentence can properly be applied only to the more flagrant and aggravated form of the offense, and that the violation in the instant case is not of that character. It is claimed that the imposition of the extreme penalty of ten years in the penitentiary is excessive, an abuse of discretion, and erroneous, and that the judgment should be modified to provide for the alternative jail sentence authorized by the statute. Reliance is placed on our earlier cases, State v. Thompson, 46 Iowa 699; State v. Hayden, 45 Iowa 11; State v. Franks, 64 Iowa 39, 19 N. W. 832; State v. Rogers, 156 Iowa 570, 137 N. W. 819.

It is doubtful whether such a claim could ever avail a defendant anything in this court under our present statutes in the kind of a case we have here. The sentence is not for a term of ten years, but for an indeterminate period which cannot exceed ten years. Section 13960, Code 1931; State v. Davenport, 149 Iowa 294, 128 N. W. 351. The parole board, in the exercise of the discretion vested in it and after consideration of the gravity of the offense and after proper preliminary study and investigation, will determine the length of time the appellant shall serve. It may fix a term of actual service of no greater duration than the jail sentence authorized by the statute. Section 3786, Code 1931. It must be presumed that the term will not be longer unless it ought to be. It may entail less hardship. Under such circumstances, it would be a very extraordinary and unusual case where this court could say that a trial court, in imposing a penitentiary sentence rather than a fine and jail sentence, so abused its discretion as to require a modification of the sentence. See State v. Hammond, 217 Iowa 227, 251 N. W. 95; State v. Christofferson, 215 Iowa 1282, 247 N. W. 819; State v. Bird, 207 Iowa 212, 220 N. W. 110; State v. Hixson, 208 Iowa 1233, 227 N. W. 166.

The instant case is not of that unusual or extraordinary character. It is true that appellant was only 20 years of age and had no police record, and that his previous good character was testified to by some of his neighbors, and that the value of the articles taken from the dwelling was only $37. But the appellant is entitled to no particular credit for the fact they were of no greater value. All money, watches, and jewelry found in the

1386

dwelling, after a thorough search, were taken. There is nothing to indicate that, if articles of greater value had been found, they would not have been taken with as much or more enthusiasm. Moreover, there is in evidence an admission of the appellant that he had previously entered other dwellings for the same purpose. It cannot be said that the trial court abused its discretion.

It may be conceded that there are mitigating circumstances here. But all the matters urged for our consideration may with greater propriety be considered by the board of parole.

No error appears, and the judgment of the trial court is affirmed.—Affirmed.

DONEGAN, C. J., and all Justices concur.