# IN THE COURT OF APPEALS OF IOWA

No. 19-0490
Filed April 29, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ANTHONY JOHN McGILVREY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

A man appeals from convictions arising out of a hit-and-run incident. **CONVICTIONS AFFIRMED; SENTENCES AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Jonathan M. Causey of Causey & Ye Law, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**SCHUMACHER, Judge.**

Anthony McGilvrey appeals his convictions for a hit-and-run incident, which caused the death of a bicyclist. We affirm the convictions but vacate the restitution portion of his sentence and remand for recalculation of restitution in light of *State v. Albright*, 925 N.W.2d 144 (Iowa 2019). We preserve McGilvrey's ineffective-assistance-of-counsel claim for possible future postconviction proceedings where the record can be further developed.

**Background Facts and Proceedings**

In the early morning hours of July 28, 2018, Anthony McGilvrey was driving his vehicle on Martin Luther King Jr. Parkway in Des Moines when he struck and killed Darrell Ford. Ford was riding a bicycle at the time of the collision. After hitting Ford, McGilvrey stopped and exited from his vehicle to look at Ford, who was lying injured on the road. McGilvrey then returned to his vehicle and drove off. Ford was later transported to a hospital where he died of his injuries.

The vehicle McGilvrey was driving was on loan to his wife from a dealership while her car was being repaired. The dealership only authorized McGilvrey's wife to operate the car. She did not give McGilvrey permission to drive the vehicle, and McGilvrey's license was barred at the time of the collision. Following the collision, McGilvrey avoided capture for approximately one month before being apprehended. The State charged him with one count of driving while barred, an aggravated misdemeanor in violation of Iowa Code section 321.561 (2018), and one count of leaving the scene of an accident resulting in death, a class "D" felony in violation of section 321.261(4). The State later amended the trial information to add a count for operating a motor vehicle without owner's consent, an aggravated

misdemeanor in violation of section 714.7. Additionally, the State gave notice of the application of the habitual offender enhancement under section 902.8 due to McGilvrey's prior felony convictions.

On January 25, 2019, McGilvrey pleaded guilty to all three counts and provided a factual basis for the habitual-offender enhancement. He acknowledged felony convictions for eluding and theft in the second degree dating from October 2015 and another felony conviction for operating while intoxicated, third offense, dating from April 2010. These felonies, together with the conviction for leaving the scene of an accident resulting in death, satisfied the requirements of Iowa's habitual offender statute, section 902.8.

The court sentenced McGilvrey to two years for driving while barred; fifteen years for leaving the scene of an accident resulting in death as a habitual offender; and two years for operating a motor vehicle without owner's consent. The court determined the sentences would run concurrently and concluded McGilvrey did not have a reasonable ability to pay court-appointed attorney fees. McGilvrey appeals, arguing he received ineffective assistance of counsel[1] and the court

---

[1] We recognize the Iowa Code was recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be decided on direct appeal from the criminal proceedings." *See* 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7 (2019)). In *State v. Macke*, however, our supreme court held the amendment "appl[ies] only prospectively and do[es] not apply to cases pending on July 1, 2019." 933 N.W.2d 226, 235 (Iowa 2019). We are bound by our supreme court's holding. We conclude, therefore, the amendment does not apply to this case, which was pending on July 1, 2019. *See id.* The Iowa Code was also recently amended to prohibit most appeals from guilty pleas. *See* 2019 Iowa Acts ch. 140 § 28 (codified at Iowa Code § 814.6(1)). However, this amendment also "appl[ies] only prospectively and do[es] not apply to cases pending on July 1, 2019." *Macke*, 933 N.W.2d at 235. Therefore, it does not apply to this case.

improperly determined his ability to pay restitution prior to having all costs before it.

**Standard of Review**

Ineffective-assistance-of-counsel claims are renewed de novo. *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). "We review restitution orders for correction of errors at law." *Albright*, 925 N.W.2d at 158.

**Discussion**

I.    Ineffective Assistance

McGilvrey argues he received ineffective assistance of counsel because his trial counsel advised him that the district court had discretion to determine whether to apply a habitual offender enhancement under section 902.9(1)(c). He contends that if he "would have known that the district court had no discretion whether to apply the habitual offender enhancement, there is a reasonable probability that he would have insisted on going to trial." We reserve this claim for possible postconviction-relief proceedings to allow the record to be developed.

"In order to succeed on a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A defendant must prove both elements by a preponderance of the evidence. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To prove prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Id.* at 138. We ordinarily preserve ineffective-assistance-of-counsel claims for postconviction-relief

proceedings. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). "Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal." *State v. Atley*, 564 N.W.2d 817, 833 (Iowa 1997). "The Due Process Clause requires that a guilty plea be voluntary." *State v. Loye*, 670 N.W.2d 141, 150 (Iowa 2003).

> To be truly voluntary, the plea must not only be free from compulsion, but must also be knowing and intelligent. Consequently, a defendant must be aware not only of the constitutional protections that he gives up by pleading guilty, but he must also be conscious of the nature of the crime with which he is charged and the potential penalties.

*Id.* at 150–51 (citations and internal quotation marks omitted). Counsel had a duty in connection with McGilvrey's plea to advise him of "available alternatives and considerations important to counsel or the defendant in reaching a plea decision." *Saadiq v. State*, 387 N.W.2d 315, 325 (Iowa 1986). "Misstatements by defense counsel, once given, can . . . destroy a defendant's opportunity to make a knowing and intelligent choice." *Meier v. State*, 337 N.W.2d 204, 207 (Iowa 1983). "On review of a claim of ineffective assistance of counsel, 'we make an independent evaluation of the totality of the relevant circumstances; this is equivalent of a de novo review.'" *Saadiq*, 387 N.W.2d at 325 (quoting *Taylor v. State*, 352 N.W.2d 683, 684 (Iowa 1984)). A defendant may base an ineffective-assistance-of-counsel claim on defense counsel's failure to properly inform him or her of the consequences of a guilty plea. *Meier*, 337 N.W.2d at 206–07.

McGilvrey was informed at the time of his guilty plea that he would face a maximum sanction of incarceration for nineteen years. At the plea proceedings on January 25, 2019, the court asked the State to explain to McGilvrey the potential consequences at sentencing if the plea of guilty were accepted. The prosecutor stated:

Your Honor, as the court correctly noted, the defendant is charged with a class "D" felony, leaving the scene of an accident resulting in death, in violation of Iowa Code section 321.261(4), I believe. He's charged as a habitual offender. Let's start with the class "D" felony in and of itself. Class "D" felony is punishable by up to five years' imprisonment. It has a minimum fine of $750 and a maximum fine of $7500.

Because I understand the defendant—or it's anticipated the defendant is going to make the necessary factual basis and include the fact that he has two prior felonies, he would then be pleading as a habitual offender, which then enhances the sentence to fifteen years with a mandatory minimum of possibly probation and/or a minimum of three years if incarcerated in prison. There will be no fine if he pleads as a habitual offender, and that's by way of case law.

As it relates to the two aggravated misdemeanors, the minimum fine is $625 for the aggravated misdemeanor charges. Just so we're absolutely clear, that's applicable to both aggravated misdemeanor charges. I believe the maximum is $6250. Again, applicable to two charges.

As it relates to the surcharge, there's a thirty-five percent surcharge applicable to both the charges. Those—and in terms of if incarcerated, the maximum prison term is not to exceed two years as it relates to both aggravated misdemeanor charges, which brings the maximum possible sentence for all three charges to—nineteen years with a mandatory three would be the maximum prison sentence, and the minimum would be probation at the very least.

That's my understanding of the maximum and minimum. I will have counsel chime in if he believes there's something else that needs to be noted. Thank you.

Based on the prosecutor's statements at the plea proceeding, McGilvrey knew he could serve a sentence of up to nineteen years. He was further advised that if he pleaded guilty to the leaving-the-scene felony and provided a factual basis for his prior felonies that he would be pleading as a habitual offender. The court specifically asked:

Do you understand what that means to you today, Mr. McGilvrey, is that you're pleading guilty to these charges not knowing what your exact sentence will be and knowing that the court could impose the maximum sentence allowed, which, as [the prosecutor] indicated, would be up to nineteen years in prison with that mandatory minimum of three years. Do you understand that?

The defendant responded that he understood and pleaded guilty.

McGilvrey knew he possibly faced up to nineteen years of incarceration but alleges his plea was not knowing and voluntary because he misunderstood Iowa's indeterminate sentencing scheme. At sentencing on March 13, 2019, counsel and the sentencing court discussed whether the court had discretion to sentence McGilvrey to incarceration for less than a term of fifteen years, regardless whether such sentence was suspended or not. Defense counsel first argued for a nineteen-year suspended sentence and then asked that if the court found incarceration warranted that it run all the sentences concurrent and refrain from applying the habitual-offender sentence enhancement, the result of which would be a five-year incarceration. After defense counsel's remarks, the court then said, "Under the habitual offender, do I have the discretion to enter a sentence less than 15 years?" Defense counsel later clarified, stating that he believed that while the court had the discretion to suspend the prison term, the court did not have the discretion to sentence the defendant to a sentence of less than fifteen years.

The court was not allowed to refrain from applying the habitual-offender enhancement once the State had applied for it and the defendant had proffered a factual basis for the predicate offenses, and neither was the court allowed to choose any sentence shorter than the fifteen-year sentence prescribed by section 902.9(1)(c). Once the State applies for a habitual offender enhancement under section 902.8 the enhancement is mandatory if supported by a factual basis.

It has been the rule for many years in Iowa that a court may not impose an indeterminate sentence of less than the maximum allowed by statute. *See State v. Kulish*, 148 N.W.2d 428, 433 (Iowa 1967) ("The indeterminate sentencing

act . . . requires that the sentence, if it imposes a penitentiary term, shall not be fixed by the court. The term is imposed by law."); *State v. Hammond*, 251 N.W. 95, 95–96 (Iowa 1933) ("The trial court sentenced the defendant to a term of imprisonment not to exceed ten years. Appellant also contends that the sentence is excessive, and insists that this court has power to reduce the term of the sentence. There is no merit in this contention, for under the provisions of . . . the Code . . ., the limit or duration of a term of imprisonment is not fixed by the court."); *see also State v. Dohrn*, 300 N.W.2d 162 (Iowa 1981) (holding that the 1978 revision of the law maintained the procedure by which a court imposes a statutorily specified sentence and the board of parole determines the ultimate duration of the term).

When proceedings resumed, the record does not reflect further discussion regarding the sentence required by statute or a record of any conversation concerning this issue between McGilvrey and his counsel. The court sentenced the defendant, in accordance with the law, to fifteen years on count two, leaving the scene of an accident resulting in death as a habitual offender, and two years for each of the misdemeanor convictions, with those two-year sentences to run concurrently with count two.

We have held that an attorney's misunderstanding of the law controlling sentencing length and subsequent misadvising of a defendant may constitute ineffective assistance of counsel. *See State v. Holden*, No. 16-0322, 2016 WL 7404615 (Iowa Ct. App. Dec. 21, 2016). We will vacate a guilty plea where defense counsel's misstatements leave the defendant unable to enter a guilty plea knowingly and intelligently. *Meier*, 337 N.W.2d at 207. A defendant's statements

indicating he understood the indeterminate sentencing scheme may in some cases inoculate any earlier misunderstanding regarding the roles of the court and the parole board. *See State v. Woolsey*, 240 N.W.2d 651, 653–54 (Iowa 1976).

However, unlike in *Woolsey*, we do not have a record as to when and to what extent McGilvrey was told by counsel that the trial court had discretion to lower the sentence, aside from his counsel's corrected statements to the court. Based on the record before this court, neither can we discern the weight McGilvrey may have given to his (mistaken) understanding of the law as a matter of strategy in pleading guilty. *See Meier*, 337 N.W.2d at 207–08 (considering whether a misunderstanding of the consequences of a plea was important enough to a defendant's choice to plead guilty to render the defendant "unable to make an intelligent and informed choice from among his alternative courses of action." (quoting *Rinehart v. Brewer*, 561 F.2d 126, 132 (8th Cir. 1977))). Claims of ineffective assistance of counsel raised on direct appeal are generally preserved for postconviction relief proceedings so that a sufficient record can be developed and so attorneys whose ineffectiveness is alleged may have an opportunity to defend their actions. *State v. Allen,* 348 N.W.2d 243, 248 (Iowa 1984).

For these reasons and because of our preference for considering ineffective-assistance claims in postconviction proceedings, we preserve McGilvrey's claim for possible future postconviction proceedings.

II.    Restitution

McGilvrey argues the court erred in ordering him to pay restitution without knowing the total amount of restitution owed and without considering his

reasonable ability to pay. The State agrees. Based on our review of the record, we find a remand of the restitution issue is required.

Under *Albright*, 925 N.W.2d at 162, "[c]ourts must wait to enter a final order of restitution until all items of restitution are before the court. Once the court has all the items of restitution before it, then and only then shall the court make an assessment as to the offender's reasonable ability to pay." Although a court can order a defendant to pay certain items of restitution without determining the offender's reasonable ability to pay, a number of restitution items require a reasonable-ability-to-pay determination, including:

> for crime victim assistance reimbursement, restitution to public agencies pursuant to section 321J.2, subsection 13, paragraph "*b*", court costs including correctional fees approved pursuant to section 356.7, court-appointed attorney fees ordered pursuant to section 815.9, including the expense of a public defender, when applicable, contribution to a local anticrime organization, or restitution to the medical assistance program pursuant to chapter 249A.

*Albright*, 925 N.W.2d at 159.

The district court did not have the benefit of *Albright* at the time of the sentencing hearing and ordered McGilvrey to pay restitution before it had all items of restitution before it and without determining McGilvrey's reasonable ability to pay. The March 13, 2019, sentencing order required McGilvrey to make restitution in the amount of "$TBD." While the sentencing court determined that McGilvrey did not have a reasonable ability to pay court-appointed attorney fees, these fees are only one type of the items of restitution for which a court must determine a defendant's reasonable ability to pay. *See id.* The order also required McGilvrey to pay court costs without a reasonable-ability-to-pay determination. The sentencing order does not comport with *Albright*. We therefore vacate the

restitution portion of the sentencing order and remand the case for entry of a final restitution order in accordance with *Albright*.

**Conclusion**

We vacate the restitution portion of McGilvrey's sentence and remand for a recalculation of restitution in accordance with *Albright*, 925 N.W.2d at 162. McGilvrey's convictions are otherwise affirmed, and we reserve his ineffective-assistance-of-counsel claim for possible postconviction relief proceedings.

**CONVICTIONS AFFIRMED; SENTENCES AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**