The State of Iowa v. Baughman.

THE STATE OF IOWA v. BAUGHMAN: SAME v. MUNZEN-MAIR: SAME v. BAHLER: SAME v. BENNETT: SAME v. NEWMAN.

1. Intoxicating liquors: INDICTMENT: NUISANCE: DUPLICITY. The offense of nuisance under section 1564, Revision of 1860, may be committed either by the manufacture, sale, or keeping with intent to sell, intoxicating liquors, contrary to law; and while an indictment is sufficient which charges the commission of the offense by either one of the unlawful acts,

| 20 | 497 |
| 84 | 343 |
| 20 | 497 |
| 87 | 726 |
| 20 | 497 |
| 95 | 493 |
| 20 | 497 |
| 96 | 295 |

it is not bad for duplicity if it charges the offense to have been committed by two or all three of the specified unlawful acts.

2. —— FEDERAL LICENSE. A license granted by the United States to a retail liquor dealer affords no protection against the penalties imposed for the sale of intoxicating liquors in violation of the law of the State.

3. —— PRESUMPTIVE EVIDENCE. Proof that the defendant sold intoxicating liquors in violation of law at the place charged in an indictment for nuisance, is sufficient to convict unless rebutted.

4. —— CONSTITUTIONAL LAW : ACT OF CONGRESS. The prohibitory liquor law of the State of Iowa is not in conflict with the Constitution of the United States, or the act of congress approved July 16th, 1862, entitled "An act to provide internal revenue," &c.

5. —— REDUCTION OF FINES. The Supreme Court has power to modify the penalties and reduce the punishment imposed by the court below, but it will not exercise that power when the evidence upon which the Court below acted is not in the record.

*Appeal from Polk District Court.*

SATURDAY, JUNE 16.

THESE cases involve the same questions, and are submitted upon the same arguments. The defendants were severally indicted and tried for the crime of keeping a nuisance. They were severally found guilty. After the making and overruling of motions for new trials, to which exceptions were duly taken, judgments were entered on the verdict.

The defendants appeal.

*J. M. Ellwood* and *Finch, Clark & Rice* for the appellants.

*F. E. Bissell,* Attorney-General, for the State.

COLE, J. — I. It is insisted that the indictment charges two separate and distinct offenses; the one triable upon indictment, the other exclusively cognizable before justices of the peace.

*1. INTOXI-CATING LIQUORS: indictment: nuisance: duplicity.*

The indictments charge that the defendants "did willfully and unlawfully establish, continue and use a

building and place for the purpose and with the intent of unlawfully owning, keeping and selling intoxicating liquors within the State of Iowa, contrary to law; and then and there did sell gin, rum, brandy, whisky and other intoxicating liquors contrary to law, to the great injury and common nuisance of all the good people of the said county of Polk." * * *

Revision, section 1561, provides a penalty for the manufacture of intoxicating liquors within this State contrary to the provisions of law; section 1562 provides a penalty for the sale of such liquors, contrary to law; section 1563 provides a like penalty for owning or keeping such liquors, with intent to sell contrary to law. Then follows section 1564, under which these indictments were found, and which provides that, "in addition to the penalties prescribed in said sections, whoever shall erect or establish, or continue. to use any building, erection or place for any of the purposes prohibited in said sections, shall be deemed guilty of a nuisance, and may be prosecuted and punished accordingly, in the manner prescribed by law." * * *

It is very evident from the plain reading of the statute, that the offense of nuisance may be committed either by the manufacture, sale, or keeping with intent to sell, intoxicating liquors, contrary to law. While it is doubtless true, that an indictment for nuisance would be sufficient, which charged the offense to have been committed by either one of these unlawful acts, yet, it does not impair the sufficiency of the indictment nor render it vulnerable to the charge of duplicity, if it avers the offense to have been committed by two or all three of the specified unlawful acts. The indictment does charge but the one offense, nuisance, although it charges that offense to have been committed by the doing of two unlawful acts as stated.

It does not profess to charge the offense of selling liquor or of keeping it with intent to sell, but it charges the crime

of nuisance to have been committed by the doing of those unlawful acts, and that it is proper to do, for the purpose of enforcing the additional penalty provided for by this section. See *The State* v. *Becker, ante.*

The point is further made under this head, that the statute prohibits the joinder of two offenses under one indictment. This is correct as matter of law. Rev., § 4654. But the difficulty with the appellant's cases is, that the indictments, as we have seen, do not charge two offenses.

It is also further objected that the verdict was *general,* and was, therefore, bad, for the reason that two offenses were charged. But this objection must fail, since the basis on which it rests is found not to exist.

II. On the trial of the cause before the jury, the defendants severally offered in evidence a license as retail liquor dealer, issued to them by the United States collector of revenue, for the fifth collection district in the State of Iowa. Upon objection by the district attorney, these licenses were excluded, and this ruling is assigned here as error.

2. —— federal license.

We have already held that a United States revenue license as retail liquor dealer, did not afford any protection from the penalties prescribed by State laws for the sale of intoxicating liquors contrary to the State statutes. Such license only confers the right to sell in subordination to the laws of the State wherein it is granted to be exercised. *The State* v. *Carney, &c., ante.*

This decision has been lately approved by the United States Supreme Court. Since, therefore, such license would afford no protection to the defendant, it was not error to exclude it.

III. The court, *inter alia,* instructed the jury that "proof of the selling contrary to law, was presumptive evidence of the offense; and if you find that defendant sold intoxicating liquor contrary to

3. —— presumptive evidence.

The State of Iowa v. Baughman.

láw, at the place charged, it is sufficient to convict defendant, unless such evidence is rebutted."

The statute says (§ 1564), that proof of the manufacture, sale or keeping with intent to sell of any intoxicating liquor in violation of the act, shall be deemed sufficient as presumptive evidence of the offense of nuisance. This provision fully justified the giving of the instruction, as we have before held. *The State* v. *Guisenhause, ante.*

IV. It is finally objected that the law upon which the indictment is based, is unconstitutional and in conflict with the Constitution of the United States, and also in conflict with the act of congress, approved July 1st, 1862, entitled, an act to provide internal revenue, &c. We have heretofore decided that the law was constitutional, and not in conflict with the act of congress referred to. With this decision we are still content, and it is therefore unnecessary for us further to discuss it in this opinion. *The State* v. *Carney, ante.*

4. —— constitutional law : act of congress.

V. We are asked to reduce the amount of the fines imposed by the District Court, which are from one hundred to five hundred dollars in each case. The amount of the fine is a matter of discretion within the limits fixed by the statute. While this court has authority to modify the penalty and reduce the punishment (Rev., §§ 4925, 4926), yet, in order to do so, it must have some legal data upon which to base its action. In these cases we have not that data. The evidence is not before us and we have nothing to show the heinousness of, or persistency in, the crime charged nor other means of estimating the proper amount of penalty in each case, or why one should be more or less than another. It is but too manifest that in such case we ought not to interfere with the discretion of the District Court.

5. —— reduction of fines.

Affirmed.