**STATE of Iowa, Appellee,**

v.

**Larry J. BIGLEY, Appellant.**

**No. 54554.**

Supreme Court of Iowa.

Nov. 15, 1972.

———◆———

O'Brien, Galvin & O'Brien, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., C. Joseph Coleman, Asst. Atty. Gen., Edward F. Sa-

more, County Atty., at trial and Zigmund Chwirka, County Atty., Sioux City, for appellee.

Submitted to MOORE, C. J., and LeGRAND, UHLENHOPP, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction and sentence for larceny under Code § 709.6. He claims he was denied a fair trial by trial court's refusal to question the jurors during trial concerning their knowledge of a newspaper article about the case which appeared on the third day of trial. We find no abuse of trial court discretion in the circumstances shown and affirm.

Immediately after the jurors were sworn, trial court told them in part:

"During the trial, do not discuss the case among yourselves or allow anyone to speak of it in your presence or to you. You're directed not to read, listen to or observe any newspaper, radio or television account of the trial, if any, while it is in progress."

Two days later an account of the trial appeared on page six of a newspaper of general circulation in the county. ·The headline was "Hear State Witnesses in Theft Case." The article was quite detailed and substantially factual. However, it noted defendant had previously pleaded guilty to the charge, was given probation, breached probation, was incarcerated, and then won his right to trial because of irregularities in connection with his guilty plea. That information obviously could not properly be communicated to the trial jury.

The new day was the final day of trial. The State had rested and all defense testimony had been received. Defendant then moved for mistrial based upon publication of the news story and in support of his motion requested trial court to read it and interrogate the jury about it. Trial court examined the article but refused to question the jury about it in view of the earlier admonition against reading news accounts of the trial, absence of evidence any juror had violated the admonition, and the state of the record at the time the motion was made. The motion was overruled and defendant rested. Upon submission of the case defendant was found guilty.

No motion for new trial was made. No postconviction effort was made by defendant to show any of the jurors had read the news account involved.

■ I. This situation is quite similar to that in State v. Sefcheck, 261 Iowa 1159, 1172–1174, 157 N.W.2d 128, 135–137 (1968). The only significant difference is that here defendant followed the dictum in *Sefcheck* to call the matter to trial court's attention immediately upon its appearance rather than wait until his motion for new trial. In so doing he gave trial court an opportunity to take timely action if appropriate in the exercise of discretion. However, under *Sefcheck*, where trial court refuses to interrogate the jury during trial, the burden is still upon defendant to demonstrate prejudice unless the very publication of the article justifies an inference of prejudice. That inference is not justified here, and prejudice has not been otherwise established.

All evidence in the trial had been presented to the jury at the time of the motion for mistrial. There was no reason at that stage to believe jurors had violated trial court's admonition. Defendant had an opportunity after verdict to renew his claim in a motion for new trial and support it with juror affidavits or testimony. He chose not to do so. The failure to prove prejudice was controlling in *Sefcheck* and is controlling here.

■ The mere refusal by trial court to question the jury at the time requested did not deprive defendant of a fair trial. See, generally, the numerous cases on this subject annotated in 15 A.L.R.2d 1152 et seq.

Our independent examination of the record convinces us defendant had a fair trial.

 II. Trial court procedure when an issue is raised during trial about possible jury exposure to potentially prejudicial material is covered by Standard 3.5(f), A.B.A. Standards Relating to Fair Trial and Free Press:

"If it is determined that material disseminated during the trial goes beyond the record on which the case is to be submitted to the jury and raises serious questions of possible prejudice, the court may on its own motion or shall on motion of either party question each juror, out of the presence of the others, about his exposure to that material. The examination shall take place in the presence of counsel, and an accurate record of the examination shall be kept. The standard for excusing a juror who is challenged on the basis of such exposure shall be the same as the standard of acceptability recommended in section 3.-4(b), above, except that a juror who has seen or heard reports of potentially prejudicial material shall be excused if reference to the material in question at the trial itself would have required a mistrial to be declared."

Standard 3.4(b) provides:

"Both the degree of exposure and the prospective juror's testimony as to his state of mind are relevant to the determination of acceptability. A prospective juror who states that he will be unable to overcome his preconceptions shall be subject to challenge for cause no matter how slight his exposure. If he has seen or heard and remembers information that will be developed in the course of trial, or that may be inadmissible but is not so prejudicial as to create a substantial risk that his judgment will be affected, his acceptability shall turn on whether his testimony as to impartiality is believed. If he admits to having formed an opinion, he shall be subject to challenge for cause unless the examination shows unequivocally that he can be impartial. A prospective juror who has been exposed to and remembers reports of highly significant information, such as the existence or contents of a confession, or other incriminating matters that may be inadmissible in evidence, or substantial amounts of inflammatory material, shall be subject to challenge for cause without regard to his testimony as to his state of mind."

We believe Standard 3.5(f) contains workable guidelines which should be made prospectively applicable. We therefore adopt Standard 3.5(f), and Standard 3.4(b) insofar as it is incorporated by reference therein, as applicable in future trials.

Any case previously tried, including this one, is of course not thereby affected.

Affirmed.