**STATE of Iowa, Appellee,**

v.

**Donald R. HINES, Jr., Appellant.**

**No. 57028.**

Supreme Court of Iowa.

Nov. 13, 1974.

Rehearing Denied Dec. 12, 1974.

Michael M. Pedersen, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., Nancy J. Shimanek, Asst. Atty. Gen., David J. Dutton, County Atty., and Charles F. Hinton, Asst. County Atty., for appellee.

Heard by MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

REYNOLDSON, Justice.

Upon trial defendant was convicted of the offense of possession of a controlled substance, a violation of § 204.401, The Code. Upon his appeal, we affirm.

I. Defendant asserts trial court erred in three particulars. Two of the asserted errors relate to the court's refusal to suppress drug evidence obtained by a warrantless search of an auto defendant was driving.

In a companion case, State v. Shea, 218 N.W.2d 610 (Iowa 1974), we upheld the validity of this particular search and seizure. The pre-trial suppression hearing, by agreement, applied to both defendants. Trial-developed facts leading up to the search were essentially the same in both cases. Our holding in *Shea* controls our ruling with respect to these two issues. We find no error.

II. Defendant's third ground for reversal asserts trial court erroneously permitted witnesses to testify "as to their opinion of the ultimate issue in the case."

The State asked police captain Dolan a hypothetical question which counsel prefaced with the warning it would be "rather lengthy." The question (covering three pages of transcript) incorporated all facts leading up to and including the controver-

sial search, together with the materials found, all as set out in *Shea*, supra, and terminated with the query, "Do you have an opinion as to what the defendant was doing in the area of the Music Box Tavern on June 30, 1972?"

After Dolan responded he had an opinion he was asked what it was. Defendant made the following objection:

"We * * * object * * * the hypothetical question assumes facts not in the record, calls for the opinion and conclusion of the witness, which he already testified to on cross-examination would be based on hearsay evidence as to him or as to this court. No proper foundation as to his answering this. It would be self-serving and furthermore invades the province of the jury."

The objection was overruled, and Dolan responded:

"My opinion is that these two men were at the Music Box or in the area for one of two things. Either to sell drugs or to line up possible drug buyers. In other words, they would meet someone who wanted to buy drugs and then they would journey to another location at which point the drugs would be sold."

Essentially the same hypothetical question was directed to detective Helgesen. A similar objection was lodged and overruled. Helgesen answered:

"My opinion Mr. Hines and Mr. Shea were at that location, the IPS, sitting on the IPS ledge waiting for the crowd to come out of the Music Box for the purpose of contacting members of that crowd and negotiating or selling drugs. * * * "

Defendant argues these witnesses were thus permitted to testify as to his intent at the crucial time. And because intent (given the admitted possession of drugs) is the gist of the crime charged, trial court abused its discretion by violating our rule that an expert may not be permitted to express an opinion concerning the guilt or innocence of a defendant in a criminal action. See State

v. Galloway, 167 N.W.2d 89, 94 (Iowa 1969); State v. Jiles, 258 Iowa 1324, 1331, 142 N.W.2d 451, 455 (1966); State v. Miller, 254 Iowa 545, 554, 117 N.W.2d 447, 453 (1962); Grismore v. Consolidated Products Co., 232 Iowa 328, 361, 5 N.W.2d 646, 663 (1942).

Neither this rationale nor the cited rule were included in defendant's exceptions. Trial court could hardly be deemed to have abused its discretion when it failed to construe the ground above relied on was included in the objections that these questions "invaded the province of the jury" and went "to the ultimate fact." See State v. Taylor, 201 N.W.2d 724, 727 (Iowa 1972); Grismore, supra, 232 Iowa at 344, 5 N.W.2d at 655–656.

The other grounds asserted in defendant's trial objections to the questions which elicited this opinion testimony are not argued here.

The State contends this use of expert opinion was permissible to show the *modus operandi* of a particular type of crime to help the jury understand how seemingly innocent acts interrelate to form a patterned criminal scheme. See People v. Clay, 227 Cal.App.2d 87, 38 Cal.Rptr. 431 (1964); Annot., 100 A.L.R.2d 1433. But in those cases the expert ordinarily either outlines a standard crime pattern or indicates defendant's activities were consistent with such pattern. In the case *sub judice* the police officer's testimony established no esoteric pattern or procedure essential to accomplish the crime charged; they merely opined defendant was in the process of committing a criminal act.

It is also apparent expert *modus operandi* opinion evidence ordinarily is helpful to the jury only in trials involving crimes which follow a well-defined pattern: for example, till-tapping and certain illegal gambling operations.

■■ Basic to the admissibility of expert opinion evidence is the requirement it be helpful to the jury. The body of knowledge which the expert brings must be out-

side the realm of common knowledge and experience. See Hegtvedt v. Prybil, 223 N.W.2d 186 (Iowa, filed November 13, 1974) and citations; 2 Jones on Evidence, § 14.9 at 607 (6th ed. 1972); McCormick, Opinion Evidence in Iowa, 19 Drake L.Rev. 245, 259 (1970).

██ Given the facts adduced at this trial, summarized in the hypothetical questions directed to the two policemen, the jury was as capable of objectively determining what this defendant was "doing in the area" as the law officers whose experience in this type case might well have lowered their suspicion level as much as it enhanced their expertise. To permit "expert" testimony on issues the jury is equally as capable of resolving would be merely to play a numbers game at the expense of trial time and court congestion. Thus under the above authorities, testimony of these law officers was simply not helpful and, upon proper objection to the questions, should have been excluded.

██ However, defendant never objected to these questions on the ground they called for answers not a proper subject of expert testimony because they were within the scope of the jurors' common knowledge and would not help the jury. Nor is that concept included in the only ground of objection urged on appeal.

While we do not accept the State's rationale supporting trial court's ruling on defendant's objections to these questions, neither do we hold the grounds of the objection were specific enough to direct the court's attention to the valueless nature of the testimony sought. See Ganrud v. Smith, 206 N.W.2d 311, 316 (Iowa 1973); Fischer, Inc. v. Standard Brands, Inc., 204 N.W.2d 579, 583 (Iowa 1973).

We find no error and therefore affirm.

Affirmed.