STATE of Iowa, Appellee,

v.

Calvin Thomas HORTON, III, Appellant.

No. 57324.

Supreme Court of Iowa.

June 25, 1975.

Walter W. Rothschild, P.C., Waterloo, for appellant.

Richard C. Turner, Atty. Gen., Darby Maria Coriden, Asst. Atty. Gen., and Robert L. Rausch, Asst. County Atty., for appellee.

REYNOLDSON, Justice.

On February 3, 1974, members of the Waterloo police department executed a search warrant at defendant's Cedar Falls home. While the warrant specified heroin (see § 751.5, The Code), the only controlled substance found was a quantity of marijuana. The search also produced a kilo scale, two "dime bags" and some "nickel bags" of marijuana, a plastic bag of "poorly manicured" marijuana, germinating marijuana seeds, a mortar and pestle, and other items. No roach clips, roach pipes, papers or other smoking paraphernalia were found. There was no odor of marijuana in the premises.

Upon jury trial defendant was convicted of possession of a controlled substance with intent to deliver, in violation of § 204.401(1), The Code. He then requested and was granted a hearing under § 204.409(2), The

Code, to determine if he was "addicted to, dependent upon, or a chronic abuser of" a controlled substance and should therefore receive medical or rehabilitative treatment. Trial court denied such relief. Defendant appeals following his sentence to a term not to exceed five years in the penitentiary. We affirm.

I. Defendant asserts trial court erred by allowing a police officer to opine, in response to a hypothetical question, that the marijuana seized was being held for delivery.

Captain Dolan of the Waterloo police department narcotic division was asked a hypothetical question incorporating an itemization of all property seized in defendant's home, and the fact no smoking paraphernalia was found. Inquiry was then made if he had an opinion whether the marijuana was for personal use or for sale. After responding he did have an opinion, Dolan, over objection, was allowed to state, "My opinion would be that the marijuana was being held for delivery or to be delivered."

█ In this case expert testimony relating to the manner in which marijuana is ordinarily packaged for sale and the differentiative devices and paraphernalia customarily used in sale or in consumption of this substance was properly admitted into evidence and may have aided the jury. See State v. Boyd, 224 N.W.2d 609, 613 (Iowa 1974); State v. Lynch, 197 N.W.2d 186, 190 (Iowa 1972), cert. denied 409 U.S. 1116, 93 S.Ct. 916, 34 L.Ed.2d 700 (1973).

█ But the combined question and response at issue plainly crossed that "fine but essential" line between opinion which would be truly helpful to the jury and that which merely conveys a conclusion concerning defendant's legal guilt. See State v. Johnson, 224 N.W.2d 617, 622 (Iowa 1974); State v. Hines, 223 N.W.2d 190, 192–193 (Iowa 1974).

█ We therefore must determine whether the issue raised here was properly preserved below. Defendant's objection was,

"[T]he hypothetical does not assume all of the facts in the record. And it assumes facts, again, that are not in the record. For the further reason that this calls for an opinion and conclusion of the witness, no proper foundation laid. It's based on hearsay testimony."

Some specific reason for the exclusion of opinion evidence must be stated. It is the duty of counsel to point out the particular defect or defects. Fischer, Inc. v. Standard Brands, Inc., 204 N.W.2d 579, 583 (Iowa 1973); Twin-State Eng. & Chem. Co. v. Iowa State Hwy. Com'n, 197 N.W.2d 575, 581 (Iowa 1972). The generalized objections interposed here were inadequate to apprise the court of any valid ground for excluding this opinion. State v. Whitfield, 212 N.W.2d 402, 410 (Iowa 1973); State v. Buchanan, 207 N.W.2d 784, 788 (Iowa 1973); see generally State v. Hines, supra. We find no reversible error on this facet of the case.

II. Defendant complains trial court abused its discretion in denying him chronic abuser treatment under § 204.409(2), The Code.

Section 204.409(2) provides, inter alia:

"Whenever the court finds that a person who is charged with a violation of section 204.401 and who consents thereto, or who has entered a plea of guilty to or been found guilty of a violation of said section, and who is addicted to, dependent upon, or a chronic abuser of any controlled substance and that such person will be aided by proper medical treatment and rehabilitative services, it *may order* that he be committed as an in-patient or out-patient to a facility approved by the state department of health for such medical treatment and rehabilitative services. * * *" (Emphasis supplied.)

At the post-trial hearing defendant testified he had used marijuana since 1969, he smoked two marijuana cigarettes per day

when not working and less when employed, he depended on it, he had "not quite" been able to stop, a counselor told him stopping would depend on him and it would help to be around non-users or use a drug council program, he never smoked at work, and he recently had reduced his usage. A friend testified defendant smoked marijuana every day.

Trial court also had before it a pre-sentence investigation report. This document had been examined by defendant and his counsel. Defense counsel stated there were no suggested additions or corrections. The report carried a "rap sheet" detailing defendant's long involvement in law breaking, including a felony conviction.

■■ These parties agree the statutory use of the word "may" in § 204.409(2) lodges discretion in trial court to grant or withhold treatment. See § 4.1(36), The Code; John Deere Waterloo Tractor Works v. Derifield, 252 Iowa 1389, 1392, 110 N.W.2d 560, 562 (1961). Other statutory language makes clear the court's discretion is exercised only after a finding that 1) addiction, dependency or chronic abuse exists and 2) the defendant will be aided by proper medical treatment and rehabilitative services.

■ Defendant's testimony in the post-trial hearing was vague and ambiguous. In any event, trial court was not obligated to accept it as true. See State v. Deanda, 218 N.W.2d 649, 652 (Iowa 1974); Jordan v. Sinclair Refining company, 257 Iowa 813, 822, 135 N.W.2d 120, 125 (1965).

Defendant seeks to finesse these problems by arguing failure of trial court to express its reason for denying treatment and imposing sentence makes that disposition, on its face, an abuse of discretion, citing McCleary v. State, 49 Wisc.2d 263, 281–282, 182 N.W.2d 512, 522 (1971).

In *McCleary* the Wisconsin Supreme Court adopted Standard 2.3(c) of the American Bar Association Standards Relating to Appellate Review of Sentences. This standard requires the sentencing judge to state his reasons for selecting the particular sentence imposed.

Without question, articulation of the rationale undergirding a sentence would assist both trial court and the appellate court on review. However, even the *McCleary* court, although stating the naked sentence "appears [to be] * * * the product of an abuse of discretion in that there was no delineation of any of the factors utilized by the trial judge in the exercise of discretion," recognized its obligation on review "to search the record to determine whether in the exercise of proper discretion the sentence imposed can be sustained." State v. McCleary, supra; see State v. Banks, 213 N.W.2d 483, 486 (Iowa 1973); State v. Davis, 195 N.W.2d 677, 678 (Iowa 1972).

■ We have examined the record to determine whether it discloses an abuse of discretion *vel non.* We have already noted the quality of the evidence before trial court. The trial court well could have rejected defendant's testimony he was dependent upon marijuana, or concluded he would not be "aided by proper medical and rehabilitative services." Defendant sought no aid until after conviction. Trial court could reasonably find the principal remedial device recommended in the testimony—segregation from users—could hopefully be accomplished as well in prison as in a rehabilitation center.

Finally, trial court may have been influenced by the presentence report which amply supports a conclusion defendant should be under the higher-security detention of a penal institution rather than treatment in a medical facility. The report did not recommend probation because defendant's record indicated he was a poor security risk.

We find no abuse of discretion. The sentence is affirmed.

Affirmed.

MOORE, C. J., and LeGRAND, REES, UHLENHOPP and HARRIS, JJ., concur.

McCORMICK, MASON and RAWLINGS, JJ., concur specially.

McCORMICK, Justice (concurring specially).

The most important responsibility of a trial judge in a criminal case is his duty to pronounce sentence after a defendant's conviction. No other power of the judge has such a potentially devastating effect on the lives of the defendant and his family. No other power so affects the public interest.

It is an anomaly that the exercise of this power, among the greatest that one person may exercise over the life of another, is virtually unreviewable. We have made it so. If the sentence does not exceed the maximum provided in the applicable statute, we will not interfere unless the record affirmatively demonstrates the sentence resulted from an abuse of the judge's discretion. State v. Stakenburg, 215 N.W.2d 265, 267 (Iowa 1974). When the record is silent we presume the sentence is grounded upon proper reasons.

The judge is required by statute to give his reasons for a sentence only if he grants probation. § 789A.1(2), The Code ("The court shall file a specific written statement of its reasons for and the facts supporting its decision to defer judgment or to suspend sentence and its decision on the length of probation."). Neither the legislature nor the court has extended this requirement to sentences involving incarceration.

Since 1851 this court has had a statutory obligation to determine if a challenged sentence is too severe. § 793.18, The Code. Over the years, a distinctive judicial gloss has been applied to this provision. Important here is the requirement that for this court to modify the penalty, "it must have some legal data upon which to base its action." State v. Baughman, 20 Iowa 497, 501 (1866); see State v. Olander, 193 Iowa 1379, 1383, 186 N.W. 53, 55 (1922) (" * * * [I]n the ordinary case the court has power,

if it is proper to do so, to reduce a sentence, but * * * we should not do so unless there is some legal reason therefor."); see also State v. O'Dell, 240 Iowa 1157, 39 N.W.2d 100 (1949). Except in original certiorari actions challenging contempt penalties, no sentences have been reduced because of excessiveness in recent years.

We have told trial judges the factors they must consider in passing sentence. State v. Cupples, 260 Iowa 1192, 1197, 152 N.W.2d 277, 280 (1967). Yet, unless the judge makes a record showing his reasons for a particular sentence, we do not know whether he has considered those factors. More important, the defendant does not know, and the public does not know. We disapprove only when the judge gives his reasons and they include a bad reason. See State v. Drake, 224 N.W.2d 476, 479–480 (Iowa 1974); State v. Milliken, 204 N.W.2d 594, 598 (Iowa 1973).

Neither we nor anyone else should, as in the present case, be required to speculate what the judge's reasons for a particular sentence were. In every case, not only when he grants probation, the sentencing judge should state his reasons in the record.

I would adopt the rule in ABA Standards, Appellate Review of Sentences, § 2.3(c) (Approved Draft, 1968). It provides:

"The sentencing judge should be required in every case to state his reasons for selecting the particular sentence imposed. Normally, this should be done for the record in the presence of the defendant at the time of sentence. In cases in which the sentencing judge deems it in the interest of the defendant not to state fully the reasons for the sentence in the presence of the defendant, he should prepare such a statement for transmission to the reviewing court as a part of the record."

The same rule is found in ABA Standards, Sentencing Alternatives and Procedures, § 5.6(ii) (Approved Draft, 1968). I would

adopt the rule prospectively, making it applicable to all sentencing proceedings conducted after the date of this decision. See State v. Bigley, 202 N.W.2d 56, 58 (Iowa 1972).

The distinguished commentators list four basic reasons for adoption of this requirement. All are supported by numerous authoritative studies and analyses. First, the statement of reasons should increase the rationality of sentences. A good sentence is one which can reasonably be explained; if a sentence cannot reasonably be explained it is not a good sentence. Second, the statement can have therapeutic value to the defendant. He, above all, is entitled to be told why the particular sentencing alternative has been selected. Third, the statement will permit meaningful appellate review of the sentence. The appellate court is not left in the dark as to why the sentence was imposed. Fourth, the statement will inform corrections authorities of the reasoning behind the sentence. It will give them the benefit of the judge's thinking and enable them to focus on problems specifically noted by the judge.

Other authorities suggest adoption of such a rule should promote consistency in sentencing by the judge and between him and other judges. Coburn, Disparity in Sentences and Appellate Review of Sentencing, 25 Rutgers L.Rev. 207, 217 (1971); Comment, 17 St. Louis U.L.Rev., 221, 243–244 (1972). It should enable the reviewing court to correct a sentence which is unduly severe in light of the relevant factors. It should increase respect for law. And it should assist in the development of uniform sentencing criteria which are rational and fair.

No good reason exists for rejection of the rule. The suggestion that it might increase the number of appeals denigrates the objects of the rule and, in that respect, helps demonstrate the need for it. In fact, experiences of other jurisdictions show the fear of an increase in appeals is unjustified. See

Coburn, Disparity in Sentences on Appellate Review of Sentencing, supra, at 218–219. In addition, this apprehension ignores the fact this rule does not increase a defendant's right to appeal his sentence; it simply improves the record to reveal the basis of the sentence.

We have not been reluctant to require judges to give reasons for rulings on motions. Rule 118, Rules of Civil Procedure; Ruby v. Easton, 207 N.W.2d 10 (Iowa 1973). Nor have we been reluctant to review claimed excessiveness of judgments for damages in civil cases. See Wiles v. Myerly, 210 N.W.2d 619, 631–632 (Iowa 1973), and citations. We should give at least equal significance and attention to judgments in criminal cases.

The legislature has manifested its desire that sentences result from reasoned judgment. Reasons must be given when probation is granted. § 789A.1(2), The Code. Presentence investigations are required in all felony cases. § 789A.3, The Code. The investigators gather information bearing upon the sentencing considerations we have said are relevant. § 789A.4, The Code. Presentence reports are part of the trial court record. § 789A.5, The Code. As the present case shows, we treat the presentence report as important when the sentence is challenged on appeal. However, we do not know whether the trial judge has read and relied upon it unless he says he has done so. We do not know the path he has followed in arriving at the sentence unless he has marked it for us.

It has been well said that, "Sentencing is today a wasteland in the law. It calls, above all, for regulation by law." Frankel, Lawlessness in Sentencing, 41 U.Cin.L.Rev. 1, 54 (1972). Forceful argument has been made that due process of law requires a written statement of reasons and facts in support of the sentencing decision. Berkowitz, The Constitutional Requirement For a Written Statement of Reasons and Facts in Support of the Sentencing Deci-

sion: A Due Process Proposal, 60 Iowa L.Rev. 205 (1974).

Above all, we should adopt the rule because it is right. There is a reasonable chance it will help improve the quality of criminal justice in Iowa. There is a reasonable chance it will help our court system work better. The chance is worth taking.

I concur in the result in this case.

MASON and RAWLINGS, JJ., join this special concurrence.