STATE of Iowa, Appellee,

v.

Ronald Dean SWARTZ, Appellant.

No. 57673.

Supreme Court of Iowa.

July 30, 1976.

Robert E. Sosalla, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Michael W. Coriden, Asst. Atty. Gen., and David J. Dutton, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction and sentence for possession with intent to deliver

marijuana in violation of § 204.401(1)(b), The Code. The determinative question is whether the trial court erred in overruling a pretrial motion to suppress evidence obtained under two search warrants. We reverse because we hold the motion should have been sustained.

I. Waterloo police detective Harry G. Helgeson obtained both search warrants under which the evidence challenged in the present case was seized. The warrants were issued by Judge Blair Wood. Defendant contends the first warrant was issued without probable cause. Evidence seized in the first search provided the basis for obtaining the second warrant. Defendant contends the second warrant was invalid because it was based on evidence seized in an unlawful search.

The controlling issue is whether the information furnished by Helgeson to Judge Wood to obtain the first search warrant was sufficient to cause a reasonably cautious person to believe a crime had been or was being committed. *State v. Birkestrand,* 239 N.W.2d 353, 356 (Iowa 1976). Summarized, the facts on which the warrant was issued included the following: (1) the police received an anonymous tip on November 3, 1973, that defendant was to receive a package in the mail; (2) the police verified that a package addressed to defendant at his parents' Waterloo address, bearing a Fort Lauderdale, Florida, return address, had arrived at the Waterloo post office; (3) defendant was a suspected drug dealer; (4) he was an associate of Jack Sewell Siemens, a convicted drug seller who resided in Fort Lauderdale, Florida; (5) he was also an associate of Robert Bentley Cass, a convicted drug seller, whose girl friend, Toni Soren, resided in Fort Lauderdale, Florida; (6) Cass had been observed with defendant on October 9, 1973, in Waterloo, (7) Cass subsequently made a trip to Fort Lauderdale from which he returned October 23, 1973; (8) in May 1973 Cass had received narcotics in the mail from California from a sender who used a false return address on the package and addressed the package to Cass at a friend's address; (9)

about a year before, defendant and Cass had received a $1500 money order from Siemens and about the same time defendant purchased money orders payable to Jack Siemens or his wife Judy Siemens in amounts ranging from $400 to $1000; and (10) the police suspected that Cass traveled to Fort Lauderdale in October 1973 in order to arrange for a shipment of drugs to be mailed to defendant and Cass by Toni Soren or Jack Siemens after Cass's return to Waterloo.

The problem with this information is that it does no more than generate suspicion that the package addressed to defendant might have originated with Soren or Siemens and might contain drugs. Nothing to connect Soren or Siemens to the mailing of the package was shown. The fact Soren and Siemens lived in Fort Lauderdale and the package originated from there is insufficient to support a reasonable inference that one of them mailed it. Nothing to shed light on the probable contents of the package was shown except the reputations and associations of the parties and a prior transaction by Cass which did not involve defendant. This information was insufficient to permit a reasonably cautious person to believe the package contained drugs. Probable cause must rise above mere suspicion. *State v. Birkestrand,* supra, at 357.

In executing the search warrant the officers opened the package and found it contained 12 one-ounce baggies of marijuana. They repackaged the marijuana and Helgeson immediately returned to Judge Wood for an additional search warrant.

Helgeson this time asked for a warrant to search defendant's residence, his parents' residence, and his automobile. The officer's application was again supported by affidavit. In it he incorporated the contents of his earlier affidavit and added a recitation of the circumstances and results of the search of the package at the post office. He said arrangements had been made to have the package delivered to the addressee on November 8, 1973, under surveillance.

This second warrant was used as authority for a search of defendant's residence on

November 8, 1973, in which marijuana and drug paraphernalia were found. Wrappings and boxes showing defendant had received two packages from Fort Lauderdale, including the one which had been searched at the post office, were also found.

Principles applicable to determining the legality of the search of defendant's residence are reviewed in *State v. Hagen,* 258 Iowa 196, 205, 137 N.W.2d 895, 900 (1965). A search is good or bad when it starts and does not change character from its success. It is not justified by what it turns up. *State v. McManus,* 243 N.W.2d 575 (Iowa, filed June 30, 1976). Moreover, an unlawful search taints all evidence obtained in the search or through leads uncovered by the search. See *Wong Sun v. United States,* 371 U.S. 471, 484–485, 83 S.Ct. 407, 416, 9 L.Ed.2d 441, 453–454 (1963).

Here the first search warrant issued without probable cause. The search of the package at the post office was therefore unlawful. Information from that search was used to obtain the second search warrant. This tainted the second warrant and made the search of defendant's home unlawful.

The trial court erred in overruling defendant's motion to suppress evidence found in the two searches.

II. Defendant also challenges a trial court ruling permitting police Captain Larry L. Dolan to answer a lengthy hypothetical question reciting most of the evidence in the case regarding the purpose for which the officer believed defendant and his wife held the marijuana. Defendant's objection included a claim the subject was not proper for opinion testimony. After the objection was overruled, the officer said he believed the marijuana was in the home to be sold or delivered by defendant and his wife.

The same officer was asked a similar question and gave a similar answer in *State v. Horton,* 231 N.W.2d 36, 38 (Iowa 1975). What we said then applies here: "[T]he combined question and response * * *

plainly crossed that 'fine but essential' line between [an] opinion which would be truly helpful to the jury and that which merely conveys a conclusion concerning defendant's legal guilt." Unlike the situation in *Horton,* adequate objection was made in the present case. *State v. Johnson,* 224 N.W.2d 617, 622 (Iowa 1974); see *Een v. Consolidated Freightways,* 220 F.2d 82, 87 (8 Cir. 1955).

The trial court erred in overruling the objection.

Defendant's remaining assignment of error relates to a situation not likely to occur on retrial.

REVERSED.

All Justices concur except HARRIS, J., who concurs specially.

HARRIS, Justice (concurring specially).

I agree that the conviction must be reversed for the reasons set out in division II of the majority opinion. However I cannot join in division I because I believe the facts upon which the warrant was issued satisfy the probable cause requirements of *State v. Birkestrand,* 239 N.W.2d 353, 356 (Iowa 1976), cited by the majority.

Judge Wood knew of the anonymous tip defendant was to receive a package by mail. Although it is true the tip did not contain any information relating to drugs Judge Wood could reasonably assume the tipster believed the package contained something that would be of interest to police. Judge Wood knew a package addressed to defendant had in fact arrived from Fort Lauderdale, Florida. He knew defendant was associated with Siemens, a convicted drug seller who lived in Fort Lauderdale. He knew defendant was also associated with Cass, a convicted drug seller whose girl friend (Soren) likewise resided in Fort Lauderdale. Cass had been observed in Waterloo with the defendant within a month prior to the time in question. During the intervening month Cass made a trip to Fort Lauderdale.

Cass was not above dealing with narcotics and had been known to deal in them by mail. There had been money transactions between defendant, Cass and Siemens (or Siemens' wife) about a year before the time in question.

It is true a finding of probable cause is made somewhat more difficult by the fact Fort Lauderdale is a large city and by the absence of a showing Soren or Siemens mailed the package. However the considerable distance between Waterloo and Fort Lauderdale must also be considered. The great distance decreased the number of likely acquaintances defendant had in Fort Lauderdale and consequently increased the likelihood the packages were in fact mailed from Fort Lauderdale by Siemens or Soren.

I believe the assertions rise above mere suspicion and would cause a reasonably cautious person to believe a crime had been or was being committed. I believe the warrant was properly issued.

I concur in the result.