# IN THE SUPREME COURT OF IOWA

No. 15–0030

Filed April 22, 2016

**STATE OF IOWA,**

    Appellee,

vs.

**DONALD JAMES HILL,**

    Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Scott County, Cheryl E. Traum, District Associate Judge.

A defendant appeals the district court's sentencing order. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT SENTENCE VACATED AND CASE REMANDED.**

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Michael Walton, County Attorney, and Steven A. Berger, Assistant County Attorney, for appellee.

**WATERMAN, Justice.**

In this appeal, we must decide whether the presumption for consecutive sentences in Iowa Code section 908.10A (2013) excuses the district court from the general requirement to state why it imposed a consecutive sentence and, if not, whether the district court's stated reason for this consecutive sentence was adequate. The defendant pled guilty to failure to comply with sex-offender registry requirements, an offense he committed while on parole for the underlying sex crime. The district court imposed a two-year prison sentence consecutive to his parole revocation and stated, "The reason for the sentence is protection of the community, seriousness of the crime, and the nature and circumstances of the offense." The defendant appealed on grounds that the sentencing court failed to give reasons for imposing a consecutive sentence. The court of appeals affirmed, concluding the statutory presumption for consecutive sentences obviated any need to give reasons for imposing the consecutive sentence. The dissenting judge disagreed, noting section 908.10A allows discretion to impose concurrent or consecutive sentences, requiring the sentencing court to give reasons for its choice. On further review, we hold the district court must give reasons for imposing a consecutive sentence under section 908.10A and that the reasons given in this case were insufficient. Accordingly, we vacate the decision of the court of appeals, vacate the sentencing order, and remand the case for resentencing.

### I. Background.

In 2010, Donald James Hill was convicted of burglary in the third degree and assault with intent to commit sexual abuse and sentenced to prison. He was required to register as a sex offender. Hill was paroled on June 6, 2013. As a condition of his parole, he was required to wear

an ankle bracelet with a GPS monitor. On August 4, 2014, Hill reported to the Iowa Sex Offender Registry that he was residing at Bridge Avenue in Davenport, Iowa. He was provided with the rules of the registry that day informing him that he must report any change in address within five days. Hill moved to the City of Clinton, Iowa, four days later without reporting his change in address. Shortly thereafter, Hill violated his parole by cutting off his ankle bracelet and traveling to Kentucky to attempt to meet with his ex-wife. A warrant for his arrest for the parole violation was issued in Clinton County on August 26. The next day, a Davenport police officer, Thomas Leonard, learned Hill was incarcerated in Kentucky. Hill told the Kentucky officials that he resided in Clinton. On October 27, the State charged Hill with failure to comply with sex-offender registry requirements in violation of Iowa Code section 692A.111(1).[1] Hill filed a written plea of guilty to that charge on December 3, which the Scott County District Court accepted on December 10.

Hill appeared with counsel at his sentencing hearing in Davenport on January 2, 2015. The State asked for a two-year prison term for the sex-offender registry conviction to be served consecutive to Hill's parole revocation. Hill requested a suspended sentence. The district court orally imposed the following sentence:

> I am going to sentence you to the two years in prison, and it is consecutive to the parole [revocation] in FECR062306, which I understand is out of Clinton County. I will give you credit for the time served. The reason for the sentence is protection of the community, seriousness of the crime, and the nature and circumstances of the offense.

---

[1]Hill's parole revocation was prosecuted separately in Clinton County.

The district court issued this written sentencing order:

> Pursuant to Defendant's plea of guilty to Count 1, Failure to Register as a Sex Offender, First Offense, in violation of Section 692A.104, Defendant is sentenced to the custody of the Director of the Iowa Department of Adult Corrections for a period not to exceed two years, to run consecutive to the parole revocation in Clinton County in Case No. FECR062306. Credit is given for time served. The Iowa Medical and Classification Center, Oakdale, Iowa, is designated as the reception center. In addition, defendant is ordered to pay court appointed attorney fees not to exceed $1,000. Court costs and fines are waived. Defendant was advised of his right to appeal. Appeal bond is set at $2,000.

The district court did not refer to the statutory presumption for consecutive sentences.

Hill appealed his sentence, contending the district court failed to provide adequate reasons for the consecutive sentence. We transferred the case to the court of appeals. A divided court of appeals affirmed Hill's sentence because, "under section 908.10A, the default or presumptive sentence is a consecutive sentence. The statute itself is sufficient reason for imposing consecutive sentences." The dissent concluded "[s]ection 908.10A empowers the district court to impose the sentences consecutively or concurrently," which "implicates the court's discretion and . . . requires a court to state reasons for imposing consecutive sentences." The dissent found the district court failed to exercise its discretion.

We granted Hill's application for further review.

**II. Standard of Review.**

"We review the district court's sentence for an abuse of discretion." *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010). A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable. *Id.* A district court's

"ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *State v. Putman*, 848 N.W.2d 1, 8 (Iowa 2014) (quoting *In re Det. of Stenzel*, 827 N.W.2d 690, 697 (Iowa 2013)). "When a sentence is not mandatory, the district court must exercise its discretion . . . ." *State v. Millsap*, 704 N.W.2d 426, 433 (Iowa 2005) (quoting *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996)).

### III. Analysis.

We must decide whether the presumption for consecutive sentences in Iowa Code section 908.10A, the parole-revocation sentencing statute, permits the district court to impose a consecutive sentence without stating a reason for doing so. Hill argues, and the court of appeals dissent concluded, the district court abused its discretion by failing to explain why it imposed a consecutive sentence. The State contends, and the court of appeals majority held, the district court need not state any reasons for imposing a consecutive sentence because of the presumption for consecutive sentences in section 908.10A. The State alternatively argues the district court exercised its discretion and adequately explained the reasons for the consecutive sentence. We interpret the statute to require an explanation for a consecutive sentence and conclude the district court's explanation fell short.

We begin with the text of Iowa Code section 908.10A, which provides,

> When a person is convicted and sentenced to incarceration in a state correctional institution in this state for an aggravated misdemeanor committed while on parole, . . . the person's parole shall be deemed revoked as of the date of the commission of the new aggravated misdemeanor offense.

> . . . The term for which the defendant shall be imprisoned as a parole violator shall be the same as that provided in cases of revocation of parole for violation of the conditions of parole. *The new sentence of imprisonment for conviction of an aggravated misdemeanor shall be served consecutively with the term imposed for the parole violation, unless a concurrent term of imprisonment is ordered by the court.*

(Emphasis added.) The plain language of section 908.10A makes clear that consecutive sentences are presumed, albeit not required, and are the default option *unless* the district court orders a concurrent term. *See id.* Yet, section 908.10A expressly allows the district court to impose a concurrent sentence, which necessarily gives the district court discretion to impose the sentence concurrently or consecutively. *Id.*; *see also id.* § 901.8 ("If a person is sentenced for two or more separate offenses, the sentencing judge may order the second or further sentence to begin at the expiration of the first . . . ."). Thus, the district court had discretion when sentencing Hill for the sex-offender-registry charge to impose the prison sentence to run concurrent or consecutive to the prison sentence for his parole revocation. The district court imposed a consecutive sentence. Was the sentencing court required to give reasons for imposing the consecutive sentence? The court of appeals majority concluded the statutory presumption for a consecutive sentence obviated the need to give reasons. We disagree.

Iowa Rule of Criminal Procedure 2.23(3)(*d*) requires the district court to "state on the record its reason for selecting the particular sentence." Rule 2.23(3)(*d*) applies to the district court's decision to impose consecutive sentences. *State v. Jacobs,* 607 N.W.2d 679, 690 (Iowa 2000). In *State v. Thompson,* we reiterated the purposes served by requiring the sentencing court to explain its reasons for imposing a particular sentence. 856 N.W.2d 915, 919 (Iowa 2014). First, "[t]his

requirement ensures defendants are well aware of the consequences of their criminal actions." *Id.* Second, and "[m]ost importantly," this requirement "affords our appellate courts the opportunity to review the discretion of the sentencing court." *Id.* Both purposes are served when offenders are sentenced under section 908.10A. We hold that rule 2.23(3)(*d*) applies to require the district court to state the reasons for its sentence, notwithstanding the statutory presumption for consecutive sentences in section 908.10A. The court of appeals erred by holding otherwise.

We next address whether the reasons given by the district court adequately explained Hill's consecutive sentence. In the sentencing colloquy, the district court, immediately after announcing its decision to impose a two-year prison term to run consecutive to the parole revocation, stated, "The reason for the sentence is protection of the community, seriousness of the crime, and the nature and circumstances of the offense." Those three reasons arguably applied to both the length of Hill's sentence and the court's decision to make it consecutive. In *Thompson,* we concluded that similar reasons can be sufficient to show the exercise of discretion to impose a particular sentence. 856 N.W.2d at 918, 921 (noting that the judge "can use forms, such as the one available in this case, to check the boxes indicating the reasons why a judge is imposing a certain sentence"). The reasons given for Hill's sentence mirror the reasons considered sufficient in *Thompson. See id.* at 918 (setting forth checklist that included as grounds for Thompson's sentence, "[t]he nature and circumstances of the crime" and "[p]rotection of the public from further offenses"). *Thompson,* however, did not involve consecutive sentences, and the district court, when giving reasons for

Hill's sentence, did not explicitly state the same reasons supported making the sentence consecutive.

Hill concedes that the district court's statement was adequate to explain why it imposed a two-year prison term instead of a suspended sentence but argues the district court failed to further explain why it made its sentence consecutive to the prison term for the parole revocation. We agree. In *State v. Hennings,* we concluded that the district court's stated reasons for sentences also applied to its decision to run them consecutively as part of an "overall sentencing plan." 791 N.W.2d 828, 838–39 (Iowa 2010) (quoting *State v. Johnson,* 445 N.W.2d 337, 343–44 (Iowa 1989)).

In our view, the stated reasons in this case were insufficient "to allow appellate review of the trial court's discretionary action" to impose a consecutive sentence. *Barnes,* 791 N.W.2d at 827 (quoting *Jacobs,* 607 N.W.2d at 690); *see State v. Thacker,* 862 N.W.2d 402, 408 (Iowa 2015) ("While [rule 2.23(3)(*d*)] requires a statement of reasons on the record, a 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" (quoting *Johnson,* 445 N.W.2d at 343)); *Thomas,* 547 N.W.2d at 225 ("The sentencing court . . . is generally not required to give its reasons for rejecting particular sentencing options"). The district court made no mention of the statutory presumption for a consecutive sentence in Iowa Code section 908.10A. We cannot tell from this record whether the district court understood it had discretion under that statute to choose concurrent or consecutive sentences. We are also unsure whether the stated reasons for the sentence applied to both the decision to reject Hill's request for a suspended sentence and the decision to make his sentence consecutive. Finally, the district court

missed the opportunity to elaborate about the separate crimes committed by Hill at different times—the underlying sex-crime conviction for which his parole was to be revoked and his new sentence for violating the sex-offender registry statute while on parole.

We encourage sentencing courts to give more detailed reasons for a sentence specific to the individual defendant and crimes and to expressly refer to any applicable statutory presumption or mandate. Sentencing courts should also explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration. To the extent our precedent such as *Hennings* and *Johnson* allowed us to infer the same reasons applied as part of an overall sentencing plan, we overrule them.

The rule of law announced in this case overruling *Hennings* and *Johnson* shall be applicable to the present case, those cases not finally resolved on direct appeal in which the defendant has raised the issue, and all future cases.

**IV. Conclusion.**

For these reasons, we vacate the decision of the court of appeals, reverse the sentencing order of the district court, and remand the case for resentencing.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT SENTENCE VACATED AND CASE REMANDED.**

All justices concur except Appel and Wiggins, JJ., who concur specially.

**APPEL, Justice (concurring specially).**

In this era of plea bargains, sentencing is often the most critical phase of a criminal proceeding. As noted by one leading treatise,

> For defense counsel to focus efforts exclusively on trials is to ignore a crucial reality of criminal law: sentencing has as much—and often more—ultimate impact on clients and society than verdicts of guilt.

Arthur W. Campbell, *Law of Sentencing* § 13:1, at 506–07 (2004). And as one of the leading authorities on sentencing has observed,

> [B]ecause a sentencing outcome is the ultimate conclusion to the vast majority of criminal cases, the quality of most defendants' representation will likely be reflected—and have its greatest bottom-line impact—at sentencing.

Douglas A. Berman, *From Lawlessness to Too Much Law? Exploring the Risk of Disparity from Differences in Defense Counsel Under Guidelines Sentencing*, 87 Iowa L. Rev. 435, 437 (2002).

But too often in our courtrooms, sentencing is given short shrift by the participants. *See* Cait Clarke & James Neuhard, *"From Day One": Who's in Control as Problem Solving and Client-Centered Sentencing Take Center Stage?*, 29 N.Y.U. Rev. L. & Soc. Change 11, 12 (2004) [hereinafter Clarke & Neuhard] ("Sentencing is too often considered an afterthought rather than seen as a critical stage in a criminal case."). There often seems to be an assumption that the process that led to the determination of guilt is generally sufficient to inform the court of the necessary information for sentencing.

But this assumption is questionable. As has been observed,

> Trial determines a defendant's guilt; sentencing prescribes an offender's fate.
>
> Trials are backward-looking, offense-oriented events. . . .

> . . . Sentencing necessarily incorporates offender-oriented considerations, many of which are forward-looking. Though sentencing judgments often consider how and why the crime was committed, the focus is different and broader. . . . [W]hereas a defendant's background and the criminal justice system's purposes would be distracting or prejudicial at trial, they are key considerations at sentencing.

Douglas A. Berman & Stephanos Bibas, *Making Sentencing Sensible,* 4 Ohio St. J. Crim. L. 37, 54–55 (2006).

The importance of sentencing and its difference from the guilt phase of trial is recognized in professional standards that have been developed by leading legal organizations. The ABA Standards for the Defense Function require a defense lawyer to conduct a prompt investigation that "should explore appropriate avenues that reasonably might lead to information relevant to . . . potential dispositions and penalties." ABA Criminal Justice Standard for the Defense Function 4-4.1(c), www.americanbar.org/groups/criminal_justice/standards/ DefenseFunctionFourthEdition.html. In addition, a defense lawyer "should present all arguments or evidence which will assist the court or its agents in reaching a sentencing disposition favorable to the accused" and should verify, supplement, or challenge information in any presentence report made available to the defense. *Id.* standard 4-8.3(c), (e); *see generally* Miriam S. Gohara, *Grace Notes: A Case for Making Mitigation the Heart of Noncapital Sentencing*, 41 Am. J. Crim. L. 41, (2013) [hereinafter Gohara] (recommending that defense counsel present a vigorous mitigation defense in noncapital cases).

The National Legal Aid and Defender Association (NLADA) has developed more detailed guidelines for defense sentencing representation. The NLADA Guidelines for Defense in Sentencing require counsel to develop a plan for achieving the least restrictive sentencing outcome

based on the client's social history and require where necessary, the opportunity to present evidence at a sentencing hearing. NLADA Performance Guideline for Criminal Defense Representation 8.1 (1995). Counsel must ensure that "all reasonably available mitigating and favorable information, which is likely to benefit the client, is presented to the court." *Id.*; *see* Gohara, 41 Am. J. Crim. L. at 62. According to observers,

> Sentencing preparation requires aggressively seeking out information about the client's past, current life situation, the criminal conduct and underlying problems of the accused, and then presenting that information clearly and persuasively to decision-makers. It cannot be done at the last moment or on short notice. It must begin as early as possible in a case.

Clarke & Neuhard, 29 N.Y.U. Rev. L. & Soc. Change at 53.

Once a lawyer has fulfilled the distinct professional responsibilities related to sentencing, the district court must exercise its discretion in setting the sentence. Even in a case that seems less consequential than other matters on a court's crowded docket, the impact on the parties with a stake in the sentencing decision is substantial and requires a careful, thoughtful discretionary decision by the district court. Sentencing is not a time to cut corners.

Last term we decided the case of *State v. Thacker*, 862 N.W.2d 402 (Iowa 2015). In *Thacker*, we reviewed the importance of a statement of reasons for a sentence. *Id.* at 405–07. We cited a seminal article by Marvin Frankel, who emphasized that "the giving of reasons helps the decision-maker . . . in the effort to be fair and rational, and it makes it possible for others to judge whether he has succeeded." Marvin E. Frankel, *Lawlessness in Sentencing*, 41 U. Cin. L. Rev. 1, 9 (1972). And as Justice McCormick noted in his concurring opinion in *State v. Horton*,

reasons for articulating sentences include increasing the rationality of sentencing, the therapeutic value of sentencing on the defendant, ensuring meaningful appellate review, and informing correctional authorities of the reasoning behind the sentence. 231 N.W.2d 36, 41 (Iowa 1975) (McCormick, J., concurring specially).

The court in dicta indicates that the reasons for imposing consecutive rather than concurrent may be the same as the reasons for the sentence in the underlying crimes. In the abstract, I agree. The decision regarding whether sentences are served concurrently or consecutively, however, is often of great moment and, as the court recognizes, must be made separately from the underlying sentence on each count. A decision to impose a lengthy prison term for the underlying crimes is not the same as the geometric increase in incarceration that may result from a decision to run sentences consecutively. In considering the distinct question of whether to run sentences consecutively or concurrently, the district court must be careful to avoid mere boilerplate recitation and demonstrate an exercise of reasoned judgment.

The court today, consistent with *Thacker*, takes another step in the direction of encouraging the kind of deliberation and expression that is required given the importance of the sentencing decision on the parties involved and the criminal justice system.

Wiggins, J., joins this special concurrence.