APPEL, Justice
(concurring specially).
In this era of plea bargains, sentencing is often the most critical phase of a criminal proceeding. As noted by one leading treatise,
For defense counsel to focus efforts exclusively on trials is to ignore a crucial reality of criminal law: sentencing has as much — and often more — ultimate impact on clients and society than verdicts of guilt. ,
Arthur W. Campbell, Law of Sentencing § 13:1, at 506-07 (2004). And as one of the leading authorities on sentencing has observed,
[Bjecause a sentencing outcome is the ultimate conclusion to the vast majority of,criminal cases, the quality of most defendants’ representation will likely be reflected — and have its greatest bottom-line impact — at sentencing.
Douglas A. Berman, From Lawlessness to Too Much Law? Exploring the Risk of Disparity from Differences in Defense Counsel Under Guidelines Sentencing, 87 Iowa L. Rev. 435, 437 (2002).
But too often in our courtrooms, sentencing is given short shrift by the participants. See Cait Clarke & James Neuhard, “From Day One”: Who’s in Control as Problem Solving and Client-Centered Sentencing Take Center Stage?, 29 N.Y.U. Rev. L. & Soc. Change 11,12 (2004) [hereinafter Clarke & Neuhard] (“Sentencing is too often considered an afterthought rather than seen as a critical stage in a criminal case.”). There often seems to be an assumption that the process that led to the determination- of guilt is generally sufficient to inform the court of the necessary information for sentencing.
But this assumption is questionable. As has been observed,
Trial determines a defendant’s guilt; sentencing prescribes an offender’s fate.
Trials are backward-looking, offense-oriented events_
... Sentencing necessarily incorporates offender-oriented considerations, many of which are forward-looking. Though sentencing judgments often consider how and why the crime was committed, the focus is different and broader— [W]hereas , a defendant’s background and the. criminal justice system’s purposes would be distracting or *276 prejudicial at trial, they are key considerations at sentencing.
Douglas A. Berman <& Stephanos Bibas, Making Sentencing Sensible, 4 Ohio St. J. Crim. L. 37, 54-55 (2006).
' The importance of sentencing and its difference from the guilt phase of trial is recognized in professional standards that have been developed by leading legal organizations. The ABA Standards for the Defense Function require a defense lawyer to conduct a prompt investigation that “should explore appropriate avenues that reasonably might lead to information relevant to ... potential dispositions and penalties.” ABA Criminal Justice Standard for the Defense Function 4-4.1(c), www. americanbar.org/groups/criminal_justice/ standards/DefenseFunctionFourthEdition. html. In addition, a defense lawyer “should present all arguments or evidence which will assist the court or its agents in reaching a sentencing disposition favorable to the accused” and should verify, supplement, or challenge information in any presentence report made available to the defense. Id, standard 4-8.3(c), (e); see generally Miriam. S. Gohara, Grace Notes: A Case for Making Mitigation the Heart of Noncapital Sentencing, 41 Am. J. Crim. L. 41, (2013) [hereinafter Gohara] (recommending that defense counsel present a vigorous mitigation defense in non-capital cases).
The National Legal Aid and Defender Association (NLADA) has developed more detailed guidelines for defense sentencing representation. The NLADA Guidelines for Defense in Sentencing require counsel to develop a plan for achieving the least restrictive sentencing outcome based on the client’s social history and require where necessary, the opportunity to present evidence at a sentencing hearing. NLADA Performance Guideline for Criminal Defense Representation 8.1 (1995). Counsel must ensure that “all reasonably available mitigating and favorable information, which is likely to benefit the client, is presented to the court.” Id.; see Gohara, 41 Am. J. Crim. L. at 62. According to observers,
Sentencing preparation requires aggressively seeking out information about the client’s past, current life situation, the criminal conduct and underlying problems of the accused, and then presenting that information clearly and persuasively to decision-makers. It cannot be done at the last moment or on short notice. It must begin as early as possible in a case.
Clarke & Neuhard, 29 N.Y.U. Rev. L. & Soc. Change at 53.
Once a lawyer has fulfilled the distinct professional responsibilities related to sentencing, the district court must exercise its discretion in setting the sentence. Even in a case that seems less consequential than other matters on a court’s crowded docket, the impact on the parties with a stake in the sentencing decision is substantial and requires a careful, thoughtful discretionary decision by the district court. Sentencing is not a time to cut corners.
Last term we decided the ,case of State v. Thacker, 862 N.W.2d 402 (Iowa 2015). In Thacker, we reviewed the importance of a statement of reasons for á sentence. Id. at 405-07. We cited a seminal article by Marvin Frankel, who emphasized that “the giving of reasons helps the decision-maker ... in the effort to be fair and rational, and it makes it possible for others to judge whether he has succeeded.” Marvin E. Frankel, Lawlessness in Sentencing, 41 U. Cin. L. Rev. 1, 9 (1972). And as Justice McCormick noted in his concurring opinion in State v. Horton, reasons for articulating sentences include increasing the rationality of sentencing, the therapeutic value of sentencing on the defendant, en *277 suring meaningful appellate review, arid informing correctional authorities of the reasoning behind the sentence. 231 N.W.2d 36, 41 (Iowa 1975) .(McCormick, J., concurring specially).
The court in dicta indicates that the reasons for imposing consecutive rather than concurrent may be the same as the reasons for the sentence in the underlying crimes. In the abstract, I agree. The decision regarding whether sentences are served concurrently or consecutively, however, is often of great moment and, as the court recognizes, must be made separately from the underlying sentence on each count. A decision to impose a lengthy prison term for the underlying crimes is not the same as the geometric increase in incarceration that may result from a decision to run sentences' consecutively. In considering the distinct question of whether to run sentences consecutively or concurrently, the district court must be careful to avoid mere boilerplate recitation and demonstrate an exercise of reasoned judgment. ■
The court today, consistent with. Thacker, takes another step in the direction of encouraging the kind of deliberation and expression that is required given the importance of the sentencing decision on the parties involved and the criminal justice system.
WIGGINS, J., joins this special concurrence.